COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Felton, Judges Humphreys and Alston
Argued at Salem, Virginia


JACOB DOUGLAS PEYTON, IV

MEMORANDUM OPINION* BY
v.      Record No. 0683-08-3      CHIEF JUDGE WALTER S. FELTON, JR.
MAY 12, 2009

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF ROCKBRIDGE COUNTY
Michael S. Irvine, Judge

James V. Doss, III, for appellant.

Robert H. Anderson, III, Senior Assistant Attorney General
(Robert F. McDonnell, Attorney General, on brief), for appellee.


Following a bench trial, Jacob Douglas Peyton, IV ("appellant") was convicted of

statutory burglary in violation of Code § 18.2-91, and grand larceny in violation of Code

§ 18.2-95.  On appeal, he contends the trial court erred in denying his motion to dismiss the

indictments, arguing that the Commonwealth failed to commence his trial within the time

required by the Interstate Agreement on Detainers ("IAD"), Code §§ 53.1-210 to 53.1-215.

Finding no error, we affirm the judgment of the trial court.

I.  BACKGROUND

At the hearing on appellant's motion to dismiss the Rockbridge County indictments for

failure to try him within the time requirements of the IAD, the evidence established that felony

arrest warrants were issued on August 1, 2006 charging appellant with burglary of a Rockbridge

_____

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

County supermarket on July 20, 2006, and grand larceny from that business.[1]  Prior to being served with those warrants, appellant left Virginia.  In September 2006, appellant was arrested in Belmont County, Ohio, on two charges of assaulting a peace officer.  Thereafter, while awaiting trial on the Ohio charges, appellant learned of the outstanding felony arrest warrants against him in Rockbridge County and Augusta County through a telephone call from Kevin Welcher.  Welcher informed appellant that they were both being charged with several offenses committed in those localities.  Appellant testified that, during the last week of September 2006, he received copies of felony arrest warrants from Virginia, which had been faxed to the Ohio correctional facility in which he was incarcerated.  The record does not reflect which felony arrest warrants, other than those from Rockbridge County, he received by fax.

On December 6, 2006, appellant pled guilty to the Ohio charges, pursuant to a plea agreement, in the Court of Common Pleas for Belmont County, Ohio.  On the same date, the Ohio court sentenced appellant to incarceration in the Ohio correctional system for one year on each of the convictions, with the sentences to run concurrently, and directed that the sentences "shall run concurrent with any sentence imposed upon [appellant] by the State of Virginia *for a parole violation* and [appellant] may be returned to the State of Virginia to serve this sentence."[2] (Emphasis added).  Appellant testified that, while still incarcerated in Ohio, he sent a certified letter directly to Raymond C. Robertson, Commonwealth's Attorney for the City of Staunton, "requesting a speedy trial."  Appellant presented a receipt for certified mail delivered to Robertson on January 18, 2007.  However, the record on appeal does not contain a copy of the letter which appellant

_____

[1] Appellant testified that arrest warrants were also obtained in Augusta County and the City of Staunton charging him with burglaries committed in those localities during the same time period.

[2] The record on appeal shows that appellant was on mandatory parole at the time of the offenses at issue in this appeal.

testified he sent to Robertson. On February 12, 2007, appellant signed an "Agreement to Return" to the City of Staunton, where four felony arrest warrants for burglary and four for grand larceny were pending.[3]

On September 21, 2007, appellant was transferred from Ohio to Virginia and was confined at Middle River Regional Jail in Verona, a regional jail serving the jurisdictions involved here. That same day, the Rockbridge County felony arrest warrants charging burglary and grand larceny were served on appellant. On November 5, 2007, following a preliminary hearing on the arrest warrants, appellant was indicted by a Rockbridge County grand jury for the July 20, 2006 burglary and grand larceny of the supermarket in Rockbridge County. Appellant filed a motion to dismiss the Rockbridge County indictments, asserting that he had not been tried within 180 days as required by the IAD, Code § 53.1-210. On December 3, 2007, the trial court denied appellant's motion to dismiss and convicted him of burglary and grand larceny.

## II. ANALYSIS

Appellant contends the trial court erred in denying his motion to dismiss the Rockbridge County burglary and grand larceny indictments, asserting that pursuant to the IAD he was required to have been tried within 180 days of January 18, 2007, the day the Commonwealth's Attorney for the City of Staunton received his certified letter requesting a speedy trial. For the following reasons, we affirm the judgment of the trial court denying appellant's motion to dismiss.

Both Virginia and Ohio have adopted the Interstate Agreement on Detainers. See Code §§ 53.1-210 to 53.1-215. "The purpose of this congressionally sanctioned interstate compact is to encourage expeditious disposition of outstanding criminal charges, where one jurisdiction has lodged a detainer with prison authorities of another jurisdiction where the subject

---

[3] Appellant also signed a nearly identical "Agreement to Return" to the City of Staunton on September 10, 2007.

of the outstanding charges is incarcerated." Valentine v. Commonwealth, 18 Va. App. 334, 337-38, 443 S.E.2d 445, 447 (1994). "When making a request for final disposition of pending charges under the provisions of the [IAD], a defendant *must strictly comply* with the procedure established by the Code. However, once properly invoked, '[t]his [A]greement shall be liberally construed so as to effectuate its purposes.'" Drew v. Commonwealth, 39 Va. App. 224, 227, 571 S.E.2d 928, 930 (2002) (quoting Code § 53.1-210, Art. IX) (emphasis added) (second and third alterations in original) (citation omitted).

Article III(a)-(b) of the IAD provides in pertinent part:

> Whenever a person has entered upon a term of imprisonment in a penal or correctional institution of a party state, and whenever during the continuance of the term of imprisonment there is pending in any other party state any *untried indictment, information or complaint* on the basis of which a detainer has been lodged against the prisoner, he shall be brought to trial within 180 days after he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officers' jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment, information or complaint . . . .

Code § 53.1-210, Art. III(a) (emphasis added).

> A request for final disposition "shall be given or sent by the prisoner to [such] . . . *official having custody of him*, who shall promptly forward it . . . to the appropriate prosecuting official and court," "*accompanied by a certificate of the . . . official . . .*, stating the term of commitment under which the prisoner is being held, the time already served, the time remaining to be served on the sentence, the amount of good time earned, the time of parole eligibility . . . and any decisions of the state parole agency relating to the prisoner."

Miller v. Commonwealth, 29 Va. App. 625, 630, 513 S.E.2d 896, 899 (1999) (quoting Code § 53.1-210, Art. III(a)-(b)) (emphasis added) (alterations in original).

The record on appeal reveals that no "indictment, information or complaint," as defined in Article III of the IAD, was pending against appellant in Rockbridge County or any other

locality in Virginia, during his incarceration in Ohio. Code § 53.1-210, Art. III(a). While felony arrest warrants were issued for appellant on August 1, 2006 in Rockbridge County, he was not *indicted* on those charges until November 5, 2007, after he returned to Virginia. We have previously held that "the [IAD] was intended to apply only to instruments such as indictments, informations or complaints upon which the detainee could be tried *immediately* upon his return. *This definition does not include a felony warrant of arrest . . . .*" Locklear v. Commonwealth, 7 Va. App. 659, 663, 376 S.E.2d 793, 795 (1989) (emphasis added).

Appellant admitted to the trial court that no notice of demand for trial under the IAD was sent to the Commonwealth's Attorney for Rockbridge County, and the record on appeal contains no notice filed with any Rockbridge County court invoking the provisions of the IAD. See Code § 53.1-210, Art. III(a) ("[prisoner] shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officers' jurisdiction written notice of . . . his request for a final disposition . . . of the indictment"); Yiaadey v. Commonwealth, 29 Va. App. 534, 543, 513 S.E.2d 446, 450-51 (1999) ("Of the justifications for requiring strict compliance with Article III procedures, the Commonwealth's need for notice of a prisoner's request for final disposition of a pending indictment, is of singular importance under our decisions."). Moreover, at the hearing on the motion to dismiss, appellant produced only a copy of a certified mail return receipt showing mail delivery to the Commonwealth's Attorney for the City of Staunton. Appellant testified that the receipt was for a letter he sent to the Commonwealth's Attorney for the City of Staunton, demanding a speedy trial. The record on appeal does not contain the letter or the "warden's certificate" required under Article III(a)-(b) of Code § 53.1-210. See Eckard v. Commonwealth, 20 Va. App. 619, 627, 460 S.E.2d 242, 246 (1995) ("a prisoner's Article III request must come through the prison authorities in the sending state and must be accompanied by the warden's certificate").

> "We have many times pointed out that on appeal the judgment of the lower court is presumed to be correct and the burden is on the appellant to present to us a sufficient record from which we can determine whether the lower court has erred in the respect complained of. If the appellant fails to do this, the judgment will be affirmed." . . . We may act only upon facts contained in the record.

Smith v. Commonwealth, 16 Va. App. 630, 635, 432 S.E.2d 2, 6 (1993) (quoting Justis v. Young, 202 Va. 631, 632, 119 S.E.2d 255, 256-57 (1961)).

As we have previously held, in order to invoke the benefits of the IAD, "the prisoner must make a written request for final disposition of an *indictment* upon which a *detainer* is based and *deliver that request to the warden* of the institution where the prisoner is incarcerated," and "'the warden must forward [the request], together *with a certificate* providing certain information about the prisoner's terms of confinement, to the *appropriate prosecuting official and court* of the receiving State.'" Yiaadey, 29 Va. App. at 542, 513 S.E.2d at 450 (quoting Delgado v. Commonwealth, 16 Va. App. 50, 56, 428 S.E.2d 27, 30 (1993)) (emphasis added) (alteration in original). See also, id. at 544, 513 S.E.2d at 451 ("failure to strictly comply with the requirements of Article III is fatal to [appellant's] claim").

From the record on appeal, we conclude that appellant failed to show he complied with the requirements of the IAD and that the trial court did not err in denying appellant's motion to dismiss the Rockbridge County indictments charging him with burglary and grand larceny of the Rockbridge County supermarket on July 20, 2006. As the evidence presented at trial was sufficient to prove beyond a reasonable doubt that appellant was guilty on those indictments, we affirm the judgment of the trial court.

Affirmed.