# CIRCUIT COURT OF THE CITY OF ROANOKE

Commonwealth of Virginia

v.

Shannon Jarrell Brown

August 1, 2012

Case Nos. CR97-42R, CR97-473R

BY JUDGE CLIFFORD R. WECKSTEIN

The defendant, Shannon Jarrell Brown, is a prisoner in the custody of the United States. This Court has ordered that capiases be issued for his arrest on charges of violation of conditions of probation and suspended sentence. The capiases have been lodged against him as detainers. Proceeding under Article III of the Interstate Agreement on Detainers (IAD), he has filed motions to dismiss the detainers and the underlying charges of probation violation. Because IAD does not apply to probation violation proceedings, this Court denies the motions to dismiss.

### The Interstate Agreement on Detainers

The IAD, 18 U.S.C. App. § 2, Virginia Code § 53.1-210, is a compact among 48 states, the United States, the District of Columbia, Puerto Rico, and the Virgin Islands. Under Article III of the IAD, a prisoner incarcerated in one state has the right to demand the speedy disposition of "any untried indictment, information, or complaint" that is the basis of a detainer lodged against him by another state. *See* Va. Code § 53.1-210.

### Findings of Fact

In Case No. CR97-42, Brown was indicted for, pleaded guilty to, and was convicted of the offense of Possession of Cocaine with Intent to Distribute, in violation of Virginia Code § 18.2-248. The indictment was returned by the January Term 1997 grand jury of this Court. Brown, who was represented

by counsel, entered his guilty plea on July 11, 1997, and was sentenced on September 8, 1997. The sentencing order was entered on October 27, 1997. The Court sentenced Brown to pay a fine of $500 and to incarceration for a period of five years, of which sentence the Court suspended one year, upon terms and conditions specified in the sentencing order. The conditions of suspended sentence included a five-year period of probation, which was to commence upon Brown's release from confinement. This sentence was consecutive to any other sentence imposed upon him.

In Case No. CR97-473, the March 1997 Term Grand Jury of this Court returned a two-count indictment against Brown. In Count One (CR97-473-00), he was indicted for, pleaded guilty to, and was convicted of the offense of Possession of Cocaine with Intent to Distribute, in violation of Virginia Code § 18.2-248. In Count Two (CR97-473-01), he was indicted for, pleaded guilty to, and was convicted of the offense of Possessing a Firearm while in Possession of Cocaine, in violation of Virginia Code § 18.2-308.4. On each count of the indictment, Brown, who was represented by counsel, entered his guilty plea on July 11, 1997, and was sentenced on September 8, 1997. The sentencing order was entered on October 27, 1997. The Court sentenced Brown on Count I to pay a fine of $500 and to incarceration for a period of five years, and the Count sentenced Brown on Count II to incarceration for a period of five years. These sentences were consecutive to each other and to any other sentences imposed upon the defendant. The Court suspended five years of each of these sentences, for a total suspension of ten years, upon terms and conditions specified in the sentencing order. The conditions of suspended sentence included a period of probation, concurrent with the probationary period in Case CR97-42.

On March 13, 2006, the Commonwealth's Attorney for the City of Roanoke, alleging that Brown had violated the conditions of probation, requested that the Court issue a capias for his arrest. The Commonwealth's Attorney appended to his request a written Probation Violation Report, prepared by a Probation and Parole Officer of this Court, dated March 13, 2006.

On March 14, 2006, this Court, upon consideration of the Commonwealth's Attorney's written request, ordered the Clerk to issue a capias for the arrest of the defendant. The orders bore case numbers CR97-42R and 97-473R. The suffix "R" in the Court's Case Management System indicates "revocation," or proceeding for violation of probation and suspended sentence.

On January 8, 2007, the Clerk of this Court received from the United States Department of Justice, Federal Bureau of Prisons, a Detainer Action Letter, dated December 27, 2006. (The face of this document states that this was a "2nd Request," indicating that an earlier letter was dated November 21, 2006.) This document shows that Brown was, at that time, a prisoner at the Federal Correctional Institution in Ashland, Ky., and that the Bureau of

Prisons had calculated that his "tentative release date" is April 5, 2019. In this document, the Bureau of Prisons acknowledges receipt of a report of a pending probation violation and advises, in part, what will be needed in order for a detainer to be placed.

On April 17, 2008, the Bureau of Prisons advised the office of the Commonwealth's Attorney that a detainer had been filed against Brown in Cases CR97-42R and CR97-473R. This document again indicated that Brown was a prisoner at FCI Ashland, Ky., and that his tentative release date was April 5, 2019.

On September 2, 2011, Brown filed a pleading (dated August 31, 2011) entitled Motion for Speedy Trial Pursuant to the Interstate Agreement on Detainers Act.

On March 9, 2012, Brown filed a pleading (dated March 6, 2012) entitled Motion to Dismiss for Failure to Prosecute, invoking the Interstate Agreement on Detainers and "the rights of Due Process as enumerated under law."

On March 26, 2012, the Clerk received from Brown a letter transmitting his March 6, 2012, motion. That letter reiterated Brown's arguments.

On May 21, 2012, the Clerk received and filed Brown's "2nd Motion to Dismiss by Mandate of the Interstate Agreement of Detainers Act."

Copies of Brown's motions and requests have been transmitted to the Commonwealth's Attorney, who has chosen to file no pleadings in response.

### Conclusions of Law

The IAD gives a prisoner incarcerated in one state the right to demand the speedy disposition of "any untried indictment, information, or complaint" that is the basis of a detainer lodged against him by another state. *See* Va. Code § 53.1-210. The IAD, in essence, requires that the state that lodged the detainer bring the prisoner to trial within 180 days of the prisoner's demand. If it fails to do so, the indictment, information, or complaint must be dismissed, and the detainer is of no effect. *Id.*

"As 'a congressionally sanctioned interstate compact' within the Compact Clause of the United States Constitution, Art. I, § 10, cl. 3, the IAD is a federal law subject to federal construction." *New York v. Hill*, 528 U.S. 110, 111 (2000) (citations omitted). The United States is treated as a "state" under the IAD. *United States v. Mauro*, 436 U.S. 340, 354, n. 21 (1978). The United States Supreme Court has held that "the phrase 'untried indictment, information, or complaint' in Art. III [of the IAD] refers to criminal charges pending against a prisoner. A probation-violation charge, which does not accuse an individual with having committed a criminal offense in the sense of initiating a prosecution, thus does not come within the terms of Art. III." *Carchman v. Nash*, 473 U.S. 716, 725 (1985). Therefore, the Supreme Court in *Carchman* affirmed a decision that the IAD does not apply to

detainers based on probation-violation charges. Because the detainers in these cases are based on probation-violation charges, they are not subject to the provisions of the IAD.

Although the determination that the IAD does not apply to these cases disposes of Brown's motions, the Court notes also that the Court of Appeals of Virginia has held that "[w]hen making a request for final disposition of pending charges under the provisions of the [Interstate] Agreement [on Detainers (IAD)], a defendant must strictly comply with the procedures established by the Code." *Drew v. Commonwealth*, 39 Va. App. 224, 227, 571 S.E.2d 928, 930 (2002). The Court notes without expressing any view on whether these failures would affect the validity of an otherwise proper claim under the IAD Brown failed to comply with the following procedural requirements of the IAD. (A) A prisoner's demand "shall be accompanied by a certificate of the appropriate official having custody of the prisoner." *Id.* That certificate must state "the term of commitment under which the prisoner is being held, the time already served, the time remaining to be served on the sentence, the amount of good time earned, the time of parole eligibility of the prisoner, and any decisions of the state parole agency relating to the prisoner." *Id.* No such certificate has been filed by Brown. (B) The prisoner must send or deliver his demand to the official who has custody of the prisoner. That official must then forward it and the certificate to the appropriate persons. *Id.* Brown sent his demands directly to the Deputy Commonwealth's Attorney and to the Clerk of this Court.

## Decision

Brown's Motions to Dismiss pursuant to the IAD are hereby denied and dismissed. Although he also mentions "the rights of Due Process as enumerated by law," nothing in his filings suggest that he advances, or might have, any Fifth or Fourteenth Amendment claim, or any claim other than that he is entitled to dismissal under the IAD. The Clerk is directed to send duly certified copies of this order to Mr. Shannon Jarrell Brown, # 11925-084, "C-Unit," FCI Ashland, P.O. Box 6001, Ashland, Ky. 41105, and to Betty Jo Anthony, Esquire, Deputy Commonwealth's Attorney for the City of Roanoke, 315 Church Ave., S.W., Second Floor, Roanoke, Va. 24016. Endorsements are dispensed with pursuant to Rule 1:13. With respect to Brown's motions and demands under the IAD, this is a final order. The Commonwealth's probation-violation motions remain pending on the docket of this Court.