**Alexandria**

CHRISTOPHER DESHON VALENTINE

v.

COMMONWEALTH OF VIRGINIA

No. 1587-92-4

Decided May 3, 1994

COUNSEL

William E. Glover (Roberts, Sokol, Ashby & Jones, on briefs), for appellant.

Margaret Ann B. Walker, Assistant Attorney General (Stephen D. Rosenthal, Attorney General; Leah A. Darron, Assistant Attorney General, on brief), for appellee.

OPINION

**FITZPATRICK, J.**—Christopher Deshon Valentine (appellant) appeals his convictions for robbery and use of a firearm during the commission of a robbery. On appeal, he argues that the trial court: (1) erred in denying his motion to dismiss for lack of jurisdiction based on the Commonwealth's failure to comply with the Interstate Agreement on Detainers Act, Code §§ 53.1-210 to 53.1-215; and (2) abused its discretion by imposing an unduly harsh sentence. Finding no error, we affirm the judgment of the trial court.

## BACKGROUND

The facts of the underlying offenses are not in dispute. Appellant was one of four men who robbed a Burger King restaurant in Stafford County, Virginia. Appellant held a .25 caliber handgun to one victim's head while his co-defendants armed with a knife and a shotgun detained two other victims. As the robbers left the restaurant, one co-defendant asked appellant if he planned to kill

the man he was "covering." Appellant replied: "Yeah." At appellant's sentencing hearing, he said he was "just fooling" when he made the statement. The trial judge sentenced appellant to a term of twelve years imprisonment on the robbery conviction and two years imprisonment on the use of a firearm conviction.

Appellant was incarcerated in North Carolina on an unrelated matter. On December 30, 1991, pursuant to Code § 53.1-210, art. IV(a), the Commonwealth requested his presence in Stafford County on the stated basis of an "untried complaint," when the actual basis of the request was three unserved felony warrants. Form V, attached to the detainer, reflected that certified copies of the "untried felony warrants pending in Stafford County, Virginia" were attached. On January 23, 1992, appellant waived his right to an extradition hearing and voluntarily returned to Virginia for trial on the outstanding "complaint." He was transported to Stafford County on March 2, 1992 and served with two new indictments handed down that day. The three unserved felony warrants which underlay the Commonwealth's original extradition demand were "quashed" without ever having been served. The charges in the warrants and the indictments involved the same Burger King robbery.

On May 6, 1992, the morning of trial, appellant filed a motion to dismiss for lack of jurisdiction because the Virginia detainer lodged against him while he was incarcerated in North Carolina did not comport with the requirements of Code § 53.1-210. Appellant's motion was denied and the parties proceeded with trial within the speedy trial time constraints set forth in Code § 53.1-210.

## INTERSTATE DETAINER

Appellant argues that the trial court should have dismissed the charges against him because his presence in Virginia was not secured in compliance with Code §§ 53.1-210 to 53.1-215. We disagree. As a threshold question, we must address whether the record is sufficient for this Court to address this issue. The basic documents underlying this claim were not a part of the trial court's record. On appeal, the parties agree that the detainer was issued upon the basis of felony warrants rather than a "complaint" and that appellant waived his right to contest their accuracy in North Carolina. Because the parties agree on the procedural aspects of

what transpired in the district court, and because their agreement is consistent with the trial court's handling of this matter, we find the record sufficient. Accordingly, we address the merits of appellant's argument.

■ Appellant argues that this Court's decision in *Locklear v. Commonwealth*, 7 Va. App. 659, 376 S.E.2d 793 (1989), controls the outcome of this case. In *Locklear*, we held "that the use of the word 'complaints' in the Act was intended to apply only to instruments such as indictments, informations or complaints upon which the detainee could be tried immediately upon his return. This definition does not include a felony warrant of arrest [except when an accused waives indictment.]" *Id.* at 663, 376 S.E.2d at 795 (footnote omitted). Therefore, the word "complaint," as used in the Interstate Agreement on Detainers Act, does not include a felony warrant of arrest.

Contrary to appellant's contention, however, we conclude that the *Locklear* decision is not dispositive of the issue at bar. *Locklear* does not hold that once appellant has waived his right to contest the validity of the detainer documents and has returned voluntarily to Virginia, he can no longer be tried on new indictments covering the same conduct.

Appellant clearly waived any possible objection to being returned to Virginia as outlined in his colloquy with the trial court:

> THE COURT: Did I in your argument hear you say [the defendant] voluntarily came to Virginia?
>
> DEFENSE COUNSEL: Yes, sir. He agreed — not only voluntarily came to Virginia, but under the detainer act the agreement has that double-sided provision that gives the right to the defendant to request that all untried indictments, complaints, and informations be tried within a hundred and eighty days. He exercised that right and I want to make that clear to the Court.

■ Code §§ 53.1-210 to 53.1-215 codify the Interstate Agreement on Detainers. The purpose of this congressionally sanctioned interstate compact is to encourage expeditious disposition of out-

standing criminal charges, where one jurisdiction has lodged a detainer with prison authorities of another jurisdiction where the subject of the outstanding charges is incarcerated. *Carchman v. Nash*, 473 U.S. 716, 719-20 (1985). "Article IX of the Detainer Agreement states that the Agreement 'shall be liberally construed so as to effectuate its purpose.' " *Cuyler v. Adams*, 449 U.S. 433, 448 (1981) (citation omitted).

Appellant argues that under Code § 53.1-210 he was improperly brought to Virginia on arrest warrants, instead of on an indictment, information or complaint. However, appellant waived in writing any challenge to the detainer and his right to a hearing. Under the agreement, the appropriate time for appellant to have raised his objection was when the detainer was lodged and the Commonwealth demanded his return. At that time, appellant could have demanded a hearing to challenge his extradition and address any potential defects in the requesting documentation. Instead, he waived in writing any right to challenge his return, requested a speedy trial, and voluntarily came to Virginia.

Article III(e) of the Interstate Agreement on Detainers provides that the request for final disposition "shall . . . be deemed to be a waiver of extradition with respect to *any charge* or proceeding contemplated." Code § 53.1-210, art. III(e) (emphasis added). Having agreed to the action taken by signing the request for final disposition, appellant is not entitled to now assume an inconsistent position. The record shows that appellant's indictments for robbery and use of a firearm in the commission of robbery arose from the same criminal transaction underlying the arrest warrant, which accompanied the detainer.

Additionally, the alleged defect in the institution of appellant's extradition pursuant to the Interstate Agreement on Detainers is not jurisdictional and was waived in writing by appellant. The United States Supreme Court has declared:

that the power of a court to try a person for crime is not impaired by the fact that he had been brought within the court's jurisdiction by reason of a "forcible abduction." No persuasive reasons are now presented to justify overruling this line of cases. They rest on the sound basis that due process of law is satisfied when one present in court is convicted of crime after having been fairly apprized of the charges

against him and after a fair trial in accordance with constitutional procedural safeguards. There is nothing in the Constitution that requires a court to permit a guilty person rightfully convicted to escape justice because he was brought to trial against his will.

*United States v. Alvarez-Machain*, ____ U.S. ____, 112 S. Ct. 2188, 2192 (1992) (citations omitted). Accordingly, a defect in the manner in which a criminal defendant is brought before the court does not deprive that court of personal jurisdiction, preclude prosecution or vitiate a subsequent conviction. *Id.* Therefore, the trial court did not err in denying appellant's motion to dismiss.

## SENTENCING

Appellant also contends that the trial court abused its discretion by sentencing him to twelve years imprisonment on the robbery conviction. The statutory range of incarceration for armed robbery is five years to life imprisonment. Appellant argued at trial that under the sentencing guidelines the midpoint range of incarceration for robbery, without considering other robberies appellant committed during the same time frame, was twelve years.

■ Appellant committed the robbery by holding a .25 caliber handgun to the head of a victim. After stealing the restaurant's cash, he stated that he intended to shoot the victim. It is well settled that when the maximum punishment is prescribed by statute, "and the sentence [imposed] does not exceed that maximum, the sentence will not be overturned as being an abuse of discretion." *Abdo v. Commonwealth*, 218 Va. 473, 479, 237 S.E.2d 900, 903 (1977); *see also Fortune v. Commonwealth*, 12 Va. App. 643, 651, 406 S.E.2d 47, 51 (1991). Under these facts, when the maximum possible sentence was life imprisonment, we hold that the trial judge did not abuse his discretion by sentencing appellant to serve twelve years on the robbery conviction.

For the reasons set forth above, we affirm the convictions.

*Affirmed.*

Baker, J., and Barrow, J., concurred.