COURT OF APPEALS OF VIRGINIA


Present:  Senior Judges Hodges, Overton and
          Retired Judge Stephens[*]
Argued at Chesapeake, Virginia


BRIAN CHRISTOPHER DANIELS
                                        MEMORANDUM OPINION[**] BY
v.    Record No. 1481-99-1              JUDGE WILLIAM H. HODGES
                                             JUNE 13, 2000
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                        Alan E. Rosenblatt, Judge

               Theresa B. Berry (Berry, Ermlich, Lomax &
               Meixel, on brief), for appellant.

               Robert H. Anderson, III, Assistant Attorney
               General (Mark L. Earley, Attorney General, on
               brief), for appellee.


     Upon his pleas of guilty, the circuit court convicted Brian

Christopher Daniels of robbery, abduction, and use of a firearm in

the commission of robbery.  The court sentenced Daniels to

concurrent fifty-year sentences on the robbery and abduction

convictions and a three-year sentence on the firearm conviction.

On appeal, Daniels contends that the court erred in imposing these

sentences.  For the reasons that follow, we affirm in part, and

vacate and remand in part.

---

[*] Retired Judge J. Warren Stephens took part in the
consideration of this case by designation pursuant to Code
§ 17.1-400, recodifying Code § 17-116.01.

[**] Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

Daniels' maximum exposure on the abduction conviction was ten years.  See Code §§ 18.2-10(e) and 18.2-47(A).  Thus, the court erred in sentencing appellant to fifty years on this conviction.  Accordingly, we vacate the fifty-year sentence on the abduction conviction and remand this matter to the trial court for resentencing.  See Bell v. Commonwealth, 11 Va. App. 530, 534, 399 S.E.2d 450, 453 (1991).

We find no error in the sentences given Daniels on the robbery and firearm convictions.  "It is well settled that when the maximum punishment is prescribed by statute, 'and the sentence [imposed] does not exceed that maximum, the sentence will not be overturned as being an abuse of discretion.'"  Valentine v. Commonwealth, 18 Va. App. 334, 339, 443 S.E.2d 445, 448 (1994) (quoting Abdo v. Commonwealth, 218 Va. 473, 479, 237 S.E.2d 900, 903 (1977)).

The sentences imposed by the trial court on these convictions were within the ranges set by the legislature.  See Code §§ 18.2-53.1 and 18.2-58.  It is within the trial court's purview to weigh any mitigating factors presented by Daniels.  Accordingly, the court did not abuse its discretion in sentencing Daniels on the robbery and firearm convictions.

Affirmed in part,
vacated and remanded
in part.

-