COURT OF APPEALS OF VIRGINIA

Present:   Judges Kelsey, Haley and Senior Judge Bumgardner
Argued at Chesapeake, Virginia


ALFRED LEROY MARSHALL

                                    MEMORANDUM OPINION[*] BY
v.        Record No. 0500-09-1           JUDGE RUDOLPH BUMGARDNER, III
                                         FEBRUARY 23, 2010

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
Charles E. Poston, Judge

J. Barry McCracken, Assistant Public Defender, for appellant.

Craig W. Stallard, Assistant Attorney General (William C. Mims,
Attorney General, on brief), for appellee.


       The trial court convicted Alfred Leroy Marshall of possession of a firearm by a felon, Code

§ 18.2-308.2, and sentenced him to five years in the penitentiary.  He appeals the sentence

maintaining the trial court erroneously sentenced him to a mandatory five-year term when the

evidence failed to prove he had a prior conviction for a violent crime.  We conclude the trial

court corrected the error when it ruled on the defendant's motion to reconsider the sentence.

Accordingly, we affirm.

       On April 2, 2008, the grand jury indicted the defendant for possessing a firearm after

having been previously convicted of a felony, Code § 18.2-308.2.  At trial, the Commonwealth

introduced a conviction order proving prior convictions for receiving stolen goods and eluding a

police officer.  At a subsequent sentencing hearing, the presentence report incorrectly stated the

defendant had been convicted of possession of a firearm after having been convicted of a violent

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

felony. The report recommended the five-year sentence mandated for a prior conviction of a violent crime. Neither attorney noted the error that the evidence only proved convictions of non-violent crimes, and the trial court imposed a five-year mandatory sentence without objection from either side.

Subsequently, the defendant filed a motion to reconsider his sentence and to impose only a two-year mandatory sentence, which would have been the correct mandatory sentence under the evidence presented. At a hearing on the motion, the trial court acknowledged the evidence proved only non-violent felonies, but noted the correct penalty was a maximum of five years, as a Class 6 felony, with a mandatory minimum of two years. The trial court denied the motion to reduce the sentence to a two-year mandatory sentence as requested in the motion. It stated: "Based on his record, the Court would have sentenced him to five years in any event." [1] Although initially all parties failed to realize the correct penalty, and the trial court erred by imposing a mandatory five-year sentence, the trial court subsequently corrected the error by imposing a discretionary sentence.

The defendant was charged with possession of a firearm by a convicted felon. Despite the defendant's extensive record,[2] the Commonwealth only submitted evidence of two

---

[1] In a footnote in his opening brief, the defendant complained the hearing on the motion to reconsider "was an empty shell" because he "was not offered the opportunity to present evidence in mitigation nor was offered an opportunity to address the court in any fashion." This issue it is not properly before this Court because the defendant never requested an opportunity to address the trial court or to raise the issue at the hearing. See Rule 5A:18.

[2] The defendant's presentence report listed five of his most recent and serious prior criminal convictions, two of which involved malicious wounding and abduction by force. The report chronicled an extensive criminal history beginning with a conviction in 1982 for robbery. The report also reflected at least four additional prior violent felony convictions: Robbery, 2/25/87 in New York, sentenced 3/1/88; Burglary, 10/17/92 in Norfolk, sentenced on 1/20/93; Abduction by Force, 2/18/93 in Norfolk, sentenced on 8/20/93; and Malicious Wounding, 5/20/97 in New Jersey, sentenced on 8/17/98. The report showed several additional convictions, including a 1989 conviction in Atlanta, Georgia for drug possession, a 1990 conviction in

non-violent convictions. That evidence subjected the defendant to a two-year mandatory sentence with the trial court having discretion to impose a maximum sentence of up to five years, Code § 18.2-308.2(A). Not realizing the discrepancy between the defendant's record and the proof presented at trial, the trial court erroneously imposed a mandated sentence of five years.

The trial court learned of the sentencing error when the defendant filed his motion to reconsider. At the hearing on that motion, the trial court reconsidered the defendant's sentence to five years in the penitentiary, but it denied the motion to reduce it. The trial court indicated that eliminating the five-year mandate would not have affected the total sentence because the trial court would have imposed the five-year sentence in the exercise of its discretion given the defendant's serious and extensive criminal history.

"It is well settled that when the maximum punishment is prescribed by statute, 'and the sentence [imposed] does not exceed that maximum, the sentence will not be overturned as being an abuse of discretion.'" Valentine v. Commonwealth, 18 Va. App. 334, 339, 443 S.E.2d 445, 448 (1994) (quoting Abdo v. Commonwealth, 218 Va. 473, 479, 237 S.E.2d 900, 903 (1977)). The sentence imposed by the trial judge was within the range set by the legislature. The defendant's record shows the trial court properly exercised its discretion. Accordingly, the judge did not abuse his discretion.

It plainly appears from the record in this case that the initial failure to recognize the correct sentencing parameters did not affect the final sentence imposed after the rehearing.

---

Atlanta, Georgia for receiving stolen goods, two 1994 drug possession convictions in New York, a 2003 conviction in Norfolk for grand larceny, and a 2006 probation violation.

Lavinder v. Commonwealth, 12 Va. App. 1003, 1005, 407 S.E.2d 910, 911 (1991) (*en banc*)

(citing Code § 8.01-678).  Accordingly, we affirm the sentence.

Affirmed.