COURT OF APPEALS OF VIRGINIA

Present:   Judges Kelsey, McCullough and Senior Judge Clements
Argued at Chesapeake, Virginia


TRAVIS TREMAINE GIBBS

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 1726-11-1                  JUDGE STEPHEN R. McCULLOUGH
                                                        OCTOBER 16, 2012

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
Louis A. Sherman, Judge

J. Barry McCracken, Assistant Public Defender, for appellant.

Aaron J. Campbell, Assistant Attorney General (Kenneth T.
Cuccinelli, II, Attorney General, on brief), for appellee.


        Travis Tremaine Gibbs appeals his convictions for robbery, conspiracy to commit robbery,

use of a firearm during the commission of robbery, and wearing a mask in public. He argues that

the evidence was insufficient to convict him of using a firearm in the commission of robbery. He

further contends that the trial court erred when it refused to grant a jury instruction he requested on

the firearm charge. Finally, he contends that the trial court erred when it sentenced him in excess of

the sentence fixed by the jury. We agree that the trial court erred in sentencing him beyond the

maximum fixed by the jury. We reverse and remand on that basis. We find no error with regard to

the other grounds appellant raises.

BACKGROUND

        On the night of March 15, 2010, as he was walking home from work, Joshua Brown noticed

two men walking in his direction. The two men then ran towards him. Both robbers were wearing

_____

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

ski masks. One of the men told Brown to "give him the money." Brown was ordered not to turn around and not to look. Appellant stepped behind Brown and pushed "a gun in the back of [his] neck." Brown felt the barrel on his neck. The barrel felt cold and hard. As Brown turned around, he "saw the tip of the gun. It was silver." The other robber, described as shorter than appellant, also was carrying a gun. Brown described it as "a .45 or a .35 [caliber]. It looked like it was a .45. It might have been a .35. But it was a gun." He described it as a "small handgun" that was "semi-automatic." At the conclusion of the evidence, appellant moved to strike this charge.

The court granted three jury instructions relevant to the firearm charge. Instruction 11 provided that:

> The defendant is charged with the crime of using or displaying in a threatening manner a firearm while committing the felony of robbery of Joshua Brown. The Commonwealth must prove beyond a reasonable doubt each of the following elements of that crime:
>
> (1) That the defendant, or someone acting in concert with the defendant, used or displayed in a threatening manner a firearm; and
>
> (2) That the display or use was while committing robbery of Joshua Brown.
>
> If you find from the evidence that the Commonwealth has proved beyond a reasonable doubt each of the above elements of the offense as charged, then you shall find the defendant guilty but you shall not fix the punishment until your verdict has been returned and further evidence has been heard by you.
>
> If you find that the Commonwealth has failed to prove beyond a reasonable doubt either or both of the elements of the offense, then you shall find the defendant not guilty.

Instruction 13 stated that

> A firearm is a weapon designed to expel a projectile by the explosion of gunpowder, by spring mechanism, or by pneumatic pressure. It is not necessary that the object actually have the capability of firing a projectile, provided that it retains enough of its parts that it has not lost its appearance as a firearm.

The existence of a firearm may be proved by circumstantial evidence, direct evidence, or both.

In Instruction 12, the court instructed the jury that "[w]here a victim reasonably perceived a threat or intimidation by a firearm, it is not necessary that the object in question was in fact a firearm."

The court denied the following instruction tendered by appellant:

> Where a victim reasonably perceived a threat or intimidation by firearm, it is not necessary that the object in question was in fact a firearm; however, there must be proof that the instrument employed gave the appearance of having a firing capability, whether or not the object actually had the capacity to propel a bullet by the force of gunpowder.

The court reasoned that Instructions 12 and 13 adequately stated the law.

After finding appellant guilty, the jury fixed his sentences as follows: nine years in prison for robbery, three years for use of a firearm in the commission of robbery, two years on the conspiracy charge, and one year for unlawfully wearing a mask. Several months later, following a sentencing hearing, the court imposed the following sentences: twenty years for the robbery, three years for possession of a firearm in the commission of robbery, five years for conspiracy, and five years for unlawfully wearing a mask in public.

## ANALYSIS

### I. Sufficiency of the Evidence for Using a Firearm in the Commission of Robbery

> [W]hen considering the sufficiency of the evidence to sustain a conviction, this Court reviews "the evidence in the light most favorable to the prevailing party at trial and consider[s] all inferences fairly deducible from that evidence." This Court will only reverse the judgment of the trial court if the judgment "'is plainly wrong or without evidence to support it.'" "If there is evidence to support the convictions, the reviewing court is not permitted to substitute its own judgment, even if its opinion might differ from the conclusions reached by the finder of fact at the trial."

Startin v. Commonwealth, 281 Va. 374, 378-79, 706 S.E.2d 873, 876-77 (2011).

Code § 18.2-53.1 prohibits the "use or attempt[ed] use [of] any pistol, shotgun, rifle, or other firearm or [the] display [of] such weapon in a threatening manner while committing or attempting to commit . . . robbery." It is not necessary for the prosecution to produce an actual working firearm to gain a conviction under this statute. The evidence is sufficient if the prosecution proves beyond a reasonable doubt that the defendant used "an instrumentality that has the appearance of a firearm." Startin, 281 Va. at 382, 706 S.E.2d at 878.

Appellant argues that the evidence created "merely a suspicion of guilt." Appellant Br. at 10. He notes that "Brown was not shown to possess any first-hand experience with firearms." Furthermore, he states that Brown did not touch the gun, and the gun was not discharged. Id. He also seeks to analogize this case to Yarborough v. Commonwealth, 247 Va. 215, 441 S.E.2d 342 (1994).

We disagree. First, Yarborough is readily distinguishable. In that case, the robber approached the victim with his hands in his pockets and said that this was a "stick-up." Id. at 216, 441 S.E.2d at 343. The victim could see something protruding from the robber's pocket that the victim thought was a gun. The victim never saw a firearm. The defendant was later apprehended with a beer can in his pocket. Id. at 217, 441 S.E.2d at 343. Here, in contrast, the victim observed that the shorter assailant had a semi-automatic gun. The victim also felt the cold, hard barrel of the gun that appellant placed against the back of his neck and saw the tip of this gun. The evidence was sufficient to establish the presence of *two* firearms, the one appellant used and the one the shorter assailant used.

Under settled principles of criminal law, appellant, who was acting in concert with the shorter man, is guilty as a principal in the second degree of possessing the firearm used by his accomplice. See Carter v. Commonwealth, 232 Va. 122, 125, 348 S.E.2d 265, 267 (1986); Cortner v. Commonwealth, 222 Va. 557, 562-63, 281 S.E.2d 908, 911 (1981). The jury was

- 4 -

instructed on principles of concert of action. The evidence was sufficient to convict under Code § 18.2-53.1, and the trial court, therefore, committed no error in denying appellant's motion to strike.

II. THE JURY WAS PROPERLY INSTRUCTED ON THE FIREARM OFFENSE.

"As a general rule, the matter of granting and denying instructions . . . rest[s] in the sound discretion of the trial court." Cooper v. Commonwealth, 277 Va. 377, 381, 673 S.E.2d 185, 187 (2009) (citations omitted). "Our 'sole responsibility in reviewing [jury instructions] is to see that the law has been clearly stated and that the instructions cover all issues which the evidence fairly raises.'" Id. (citations omitted). "And in deciding whether a particular instruction is appropriate, we view the facts in the light most favorable to the proponent of the instruction." Id. (citation omitted).

Instruction 11 provided the elements of the crime of use of a firearm in the commission of robbery. Appellant does not take issue with that instruction. Instruction 13 defined the term "firearm."[1] Instruction 12 stated that "[w]here a victim reasonably perceived a threat or intimidation by a firearm, it is not necessary that the object in question was in fact a firearm."

Appellant contends that Instruction 12 "in effect, overruled" Instruction 13. We disagree. Instruction 12 complemented Instruction 13. Instruction 13 supplied a definition of a firearm. By itself, that definition did not express the law under Code § 18.2-53.1. Instruction 12 is consistent

---

[1] The current applicable Model Jury Instruction on Code § 18.2-53.1, Instruction No. 18.702, provides,

> [a] firearm is any instrument that is capable of expelling a projectile by force or gunpowder. A firearm is also an object that is not capable of expelling a projectile by force or gunpowder but gives the appearance of being able to do so. The existence of a firearm may be proved by circumstantial evidence, direct evidence, or both.

with Startin.  The jury logically would have read those instructions together.  The jury certainly asked no questions in connection with these instructions.

Appellant also argues Instruction 12 would allow the jury to find the defendant guilty based on the victim's perception alone.  When no firearm is recovered, the evidence in such cases often will be based on the victim's perception and the victim's testimony.[2]  So long as the victim observed an actual firearm or an instrumentality that gave the appearance of being a firearm, the victim's testimony, if believed by the factfinder in light of all the evidence, may suffice for conviction.

Instructions 11, 12, and 13, when read together, properly instructed the jury on what it must find to convict appellant of use of a firearm in the commission of a felony.  Startin made clear that the object in question need not be an actual firearm, that it is sufficient if the instrumentality "gives the appearance of being a firearm."  281 Va. at 382, 706 S.E.2d at 878.  Instruction 12 stated that "[w]here a victim reasonably perceived a threat or intimidation by a firearm, it is not necessary that the object in question was in fact a firearm."  Although the instruction does not track exactly the language employed by the Court in Startin, it constituted an accurate statement of the law as applied to the facts of this case.  Therefore, the trial court did not err in declining appellant's proposed instruction.  "When granted instructions fully and fairly cover a principle of law, a trial court does not abuse its discretion in refusing another instruction relating to the same legal principle."  Stockton v. Commonwealth, 227 Va. 124, 145, 314 S.E.2d 371, 384 (1984) (citations omitted).

---

[2] The evidence concerning the nature of the instrumentality used, of course, may also emanate from statements made by the defendant or from other witnesses.  Here, the only witness aside from the perpetrators was the victim.

III. THE SENTENCES IMPOSED IN EXCESS OF THE MAXIMUM SET BY THE JURY MUST BE REVERSED.

"It is well settled that when the maximum punishment is prescribed by statute, 'and the sentence [imposed] does not exceed that maximum, the sentence will not be overturned as being an abuse of discretion.'" Valentine v. Commonwealth, 18 Va. App. 334, 339, 443 S.E.2d 445, 448 (1994) (quoting Abdo v. Commonwealth, 218 Va. 473, 479, 237 S.E.2d 900, 903 (1977)). A trial court, however, "by definition abuses its discretion when it makes an error of law." Porter v. Commonwealth, 276 Va. 203, 260, 661 S.E.2d 415, 445 (2008) (citation omitted).

Code § 19.2-295 provides that, when a defendant is tried by a jury, "the term of confinement in the state correctional facility or in jail and the amount of fine, if any, of a person convicted of a criminal offense, shall be ascertained by the jury . . . ." We held in Batts v. Commonwealth, 30 Va. App. 1, 16, 515 S.E.2d 307, 315 (1999), that the "trial judge may reduce a sentence but may not exceed the 'maximum punishment' fixed by the jury."

The jury imposed a maximum total sentence of fifteen years: nine years in prison for robbery, three years for use of a firearm in the commission of robbery, two years on the conspiracy charge, and one year for unlawfully wearing a mask. The trial court imposed a maximum total sentence of 33 years: twenty years for the robbery, three years for use of a firearm in the commission of robbery, five years for conspiracy, and five years for unlawfully wearing a mask in public. The Commonwealth appropriately concedes this sentence was error.

Appellant did not raise the issue at trial. Rule 5A:18 would preclude him from obtaining relief on appeal unless he can show that relief will "enable [this Court] to attain the ends of justice." The Supreme Court of Virginia has held that the ends of justice exception to the rule of default is justified when the sentence imposed exceeds that prescribed by law. Charles v. Commonwealth, 270 Va. 14, 20, 613 S.E.2d 432, 435 (2005). Applying the ends of justice exception, we reverse and

remand for a new sentencing hearing on the convictions for robbery, conspiracy, and wearing a mask in public.[3]

## CONCLUSION

We affirm appellant's conviction for use of a firearm in the commission of robbery, reject his challenge to the jury instructions, and reverse and remand for a new sentencing hearing on his convictions for robbery, conspiracy, and wearing a mask in public.

Affirmed in part,
reversed in part
and remanded.

---

[3] The sentence imposed by the trial court for the firearm charge under Code § 18.2-53.1 does not exceed the sentence fixed by the jury and, at any rate, is subject to a mandatory minimum of three years in prison. Therefore, we need not remand with regard to that particular sentence.