COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Senior Judges Clements, Haley and Petty

ANDRE PERRY, A/K/A
 AUNDRE PERRY, S/K/A
 AUNDRE DWAYNE PERRY, S/K/A
 ANDRE D. PERRY

v.      Record No. 0823-21-1

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION*
PER CURIAM
JULY 5, 2022

FROM THE CIRCUIT COURT OF SOUTHAMPTON COUNTY
Carl E. Eason, Jr., Judge

(Ashby L. Pope; Riddick & Pope, PC, on brief), for appellant.
Appellant submitting on brief.

(Jason S. Miyares, Attorney General; Leanna C. Minix, Assistant
Attorney General, on brief), for appellee.


Counsel for Andre Perry, appellant, filed a brief on his behalf accompanied by a motion for

leave to withdraw in accordance with *Anders v. California*, 386 U.S. 738, 744 (1967). A copy of

that brief has been furnished to Perry with sufficient time for him to raise any matter that he

chooses. Perry has not filed any *pro se* supplemental pleadings. After examining the briefs and

record in this case, we affirm the trial court's judgment. We unanimously hold that oral argument is

unnecessary because "the appeal is wholly without merit." Code § 17.1-403(ii)(a); Rule 5A:27(a).

BACKGROUND

"In accordance with familiar principles of appellate review, the facts will be stated in the

light most favorable to the Commonwealth, the prevailing party [below]." *Poole v. Commonwealth*,

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

73 Va. App. 357, 360 (2021) (quoting *Gerald v. Commonwealth*, 295 Va. 469, 472 (2018)). In doing so, we discard any of appellant's conflicting evidence, and regard as true all credible evidence favorable to the Commonwealth and all inferences that may reasonably be drawn from that evidence. *Gerald*, 295 Va. at 473.

In 1994, the trial court convicted appellant of two counts of distribution of cocaine and sentenced him to a total of twenty years' incarceration with twelve years suspended, conditioned on the successful completion of supervised probation. In 2002, after finding that Perry had violated the conditions of his probation, the court revoked six years and resuspended five years of each previously suspended sentence. On two subsequent occasions, the trial court found Perry had violated the conditions of his probation, and each time revoked and resuspended five years of each previously suspended sentence.

In August 2016, appellant's probation officer filed a major violation report alleging that appellant had twice tested positive for cocaine, admitted to using marijuana and cocaine, attended only two of seventeen substance abuse treatment sessions, causing the program to discharge him, and had not maintained communication with the probation officer. In an addendum, the probation officer alleged that appellant had been charged with possession of cocaine, pled guilty to misdemeanor possession of drug paraphernalia, and was sentenced to twelve months in jail. The trial court issued a capias for appellant's arrest, which was not executed until June 2019.

In July 2020, a grand jury indicted appellant for two counts of distribution of heroin. Under a written plea agreement, appellant pled guilty to one indictment; the Commonwealth *nolle prosequied* the other indictment and agreed not to amend the indictments to distribution, third or subsequent offense, or to object to the sentencing and revocation hearings occurring together. Before accepting appellant's guilty plea, the court conducted a thorough colloquy to ensure appellant understood the implications of pleading guilty and was doing so freely and voluntarily.

Appellant had discussed the charges, their elements, possible defenses, and potential sentences with his attorney. After that discussion, appellant decided for himself to plead guilty because he was, in fact, guilty. Appellant understood that the conviction could result in "the revocation of any suspended sentences" he had. He further understood that the court was not required to follow the sentencing guidelines and that the Commonwealth had not agreed to a particular sentence. Appellant declined the opportunity to ask the court any questions. After the colloquy and reviewing the plea agreement, the court accepted appellant's plea, finding that he had entered it "knowingly, intelligently and voluntarily."

The Commonwealth proffered that Southampton County Sheriff's Detective Griffith used two confidential informants to conduct a "controlled buy" of heroin from appellant. Griffith searched the informants, found no contraband, equipped them with "surveillance equipment," and provided one confidential informant with sixty dollars. The informants met appellant and purchased sixty dollars worth of heroin from him, then returned to Griffith with the substance purchased from appellant, subsequently determined to be 0.4951 gram of heroin. Griffith searched the confidential informants and found no other contraband. The recording from the surveillance equipment corroborated the informants' accounts.

Based on appellant's plea and the proffered evidence, the court convicted appellant of distribution of heroin, then granted the Commonwealth's motion to *nolle prosequi* the remaining indictment. The court deferred sentencing for preparation of a presentence report and continued appellant's revocation hearing.

At the combined sentencing and revocation hearing, appellant consented to the court hearing the sentencing and revocation "jointly." Appellant did not contest the allegations in the major violation report that he had been convicted of possession of drug paraphernalia and of distribution of heroin, the latter conviction the subject of the sentencing hearing. Deandre Artis, who had been

appellant's probation officer, testified that appellant had been "compliant" in probation and that she had "a favorable recollection of him." She could not recall, however, items from appellant's major violation reports including that he had tested positive for drugs, had been referred to substance abuse treatment but had been discharged because he attended only two of seventeen sessions, and had tested positive for marijuana and cocaine on "multiple occasions."

The Commonwealth argued that appellant's criminal history demonstrated that his "criminal behavior" and "drug dealing" had persisted despite numerous "[t]reatment efforts" and "probation and parole." Additionally, appellant was before the court for the "same behavior that he has been convicted of so many times in the past" and received a "tremendous benefit" by being allowed to plead guilty to "one count of first offense" distribution rather than the third or subsequent with which he could have been charged. Accordingly, the Commonwealth argued the court should impose the maximum sentence of forty years' incarceration and reimpose all ten years of appellant's suspended sentences.

Appellant conceded that he had a "long correctional history" but argued that his drug addiction made a sentence within the discretionary sentencing guidelines[1] appropriate for the probation violations. Appellant argued for a sentence at the midpoint of the discretionary sentencing guidelines for the heroin distribution conviction and "six months to a year" for the probation violations, for a total sentence of "between four and five years."

In allocution, appellant stated that he had "a lot of regrets" and acknowledged making "some bad choices." He described seeing "drug dealers" at a young age and family members use drugs. He acknowledged, however, that "the final decision" to use drugs was his and claimed that

---

[1] The discretionary sentencing guidelines recommended a sentence between two years and nine months to four years and seven months of incarceration, with a midpoint of three years and nine months, for the heroin distribution conviction. For the probation violations, the discretionary sentencing guidelines recommended six months to one year and six months.

he sold drugs to support his own drug use. Appellant maintained that he had tried "to get clean on my own" because the courts would not help him, but that after being incarcerated, he had "changed [his] way of thinking." He apologized for his actions and asked the court to "give [him] the chance" to "help [his] community."

The court found that appellant's history demonstrated that he was "not going to obey the laws" but instead would "do what [appellant] want[s] to do." Further, by his repeated probation violations, appellant had "thumbed [his] nose at authority." By continuing to "sell and distribute controlled substances" while knowing that he had "two five-year suspended sentences," appellant demonstrated that he was "prepared to go ahead and serve the time." Accordingly, the court revoked five years of each suspended sentence by final orders entered July 20, 2021. By a separate final order, the court sentenced appellant to five years' incarceration for the heroin distribution conviction, finding that sentence was appropriate considering the time the court had reimposed for the probation violations. This appeal follows.

ANALYSIS

On appeal, appellant asserts that the trial court abused its discretion by sentencing him to "an active term of fifteen years" because the court sentenced him on the conviction and probation violations in the same proceeding. He emphasizes that he sold heroin "to support his own habit" and contends that the total active sentence was "out of proportion to the crime committed" and represented "a clear abuse" of discretion.

A. Sentence for the heroin distribution conviction

"We review the trial court's sentence for abuse of discretion." *Scott v. Commonwealth*, 58 Va. App. 35, 46 (2011). "[W]hen a statute prescribes a maximum imprisonment penalty and the sentence does not exceed that maximum, the sentence will not be overturned as being an abuse of discretion." *Minh Duy Du v. Commonwealth*, 292 Va. 555, 564 (2016) (quoting *Alston v.*

*Commonwealth*, 274 Va. 759, 771-72 (2007)). Moreover, "[t]he sentencing guidelines are advisory only and do not require trial courts to impose specific sentences." *Runyon v. Commonwealth*, 29 Va. App. 573, 577-78 (1999). "[T]he recommended sentencing ranges contained in these discretionary guidelines are not binding on the trial judge but, rather, are mere tools to be used by the judge in fixing an appropriate sentence within the limitations established by the statute governing punishment for the particular crime." *Luttrell v. Commonwealth*, 42 Va. App. 461, 465 (2004). Thus, a judge's failure to follow the sentencing guidelines "shall not be reviewable on appeal or the basis of any other post-conviction relief." Code § 19.2-298.01(F). Accordingly, we may only consider whether the sentence fell outside the permissible statutory range. *See Smith v. Commonwealth*, 26 Va. App. 620, 626 (1998); *Valentine v. Commonwealth*, 18 Va. App. 334, 339 (1994). Here, appellant's sentence was within the statutory range. *See* Code § 18.2-248(C).

In addition, it was within the trial court's purview to weigh the mitigating evidence appellant presented. *Keselica v. Commonwealth*, 34 Va. App. 31, 36 (2000). "Criminal sentencing decisions are among the most difficult judgment calls trial judges face." *Minh Duy Du*, 292 Va. at 563. "Because this task is so difficult, it must rest heavily on judges closest to the facts of the case—those hearing and seeing the witnesses, taking into account their verbal and nonverbal communication, and placing all of it in the context of the entire case." *Id.* Here, the record demonstrates that the trial court considered the mitigating circumstances appellant cites on appeal, including his addiction. Balanced against that evidence, however, was appellant's extensive criminal history, including multiple convictions for drug distribution. After considering all the circumstances, the trial court imposed the sentence that it deemed appropriate. That sentence "does not exceed [the statutory] maximum," and our task is complete. *Id.* at

564-65; *see also Thomason v. Commonwealth*, 69 Va. App. 89, 99 (2018) ("Appellant's sentence was within the statutory range, and our task is complete.").

### B. Revocations for probation violations

After suspending a sentence, a trial court "may revoke the suspension of sentence for any cause the court deems sufficient that occurred at any time within the probation period, or within the period of suspension fixed by the court." Code § 19.2-306(A). "In revocation appeals, the trial court's 'findings of fact and judgment will not be reversed unless there is a clear showing of abuse of discretion.'" *Jacobs v. Commonwealth*, 61 Va. App. 529, 535 (2013) (quoting *Davis v. Commonwealth*, 12 Va. App. 81, 86 (1991)).

"If the court, after hearing, finds good cause to believe that the defendant has violated the terms of suspension, then the court may revoke the suspension and impose a sentence in accordance with the provisions of § 19.2-306.1." Code § 19.2-306(C). "The court may again suspend all or any part of this sentence for a period up to the statutory maximum period for which the defendant might originally have been sentenced to be imprisoned, less any time already served, and may place the defendant upon terms and conditions or probation." *Id.*

Appellant does not contend that the trial court did not have sufficient cause to revoke his suspended sentences; indeed, he stipulated that he had been convicted while on probation as alleged in the major violation report. Rather, appellant argues that the trial court abused its discretion because fifteen years' "active time in prison," the "majority" of which "came from the probation violations," is "out of proportion" to his crime.

As relevant to appellant's claim, Code § 19.2-306.1(B) provides that

> [i]f the court finds the basis of a violation of the terms and conditions of a suspended sentence or probation is that the defendant was convicted of a criminal offense that was committed after the date of the suspension, . . . then the court may revoke the suspension and impose or resuspend any or all of that period previously suspended.

The record demonstrates that appellant was convicted during the suspension period. Thus, it was within the trial court's discretion to "impose or resuspend any or all" of the previously suspended sentences. *Id.* It was equally within the trial court's purview to weigh any mitigating factors appellant presented, such as his exposure to drugs at a young age, his own addiction, and his desire to help his community. *See Keselica*, 34 Va. App. at 36.

"The statutes dealing with probation and suspension are remedial and intended to give the trial court valuable tools to help rehabilitate an offender through the use of probation, suspension of all or part of a sentence, and/or restitution payments." *Howell v. Commonwealth*, 274 Va. 737, 740 (2007). Appellant disregarded the terms of his suspended sentences on numerous occasions, supporting a finding that he was not amendable to rehabilitation. "When coupled with a suspended sentence, probation represents 'an act of grace on the part of the Commonwealth to one who has been convicted and sentenced to a term of confinement.'" *Hunter v. Commonwealth*, 56 Va. App. 582, 587 (2010) (quoting *Price v. Commonwealth*, 51 Va. App. 443, 448 (2008)). Appellant failed to make productive use of the grace that had been extended to him and continued to engage in criminal conduct during the suspension period.

Thus, the sentences the trial court imposed for appellant's probation violations represent a proper exercise of its sentencing discretion. *See Alsberry v. Commonwealth*, 39 Va. App. 314, 321-22 (2002) (finding the court did not abuse its discretion by imposing the defendant's previously suspended sentence in its entirety "in light of the grievous nature of [the defendant's] offenses and his continuing criminal activity").

CONCLUSION

Accordingly, we affirm the trial court's judgment and grant the motion for leave to withdraw. *See Anders*, 386 U.S. at 744. This Court's records shall reflect that Andre Perry is

- 8 -

now proceeding without the assistance of counsel in this matter and is representing himself on any further proceedings or appeal.

*Affirmed*.