COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Senior Judges Clements, Haley and Petty

CRYSTAL BUTLER

v.      Record No. 1274-21-1

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION*
PER CURIAM
AUGUST 16, 2022

FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
James C. Lewis, Judge

(Scott C. Alleman; Messman & Alleman, PLC, on brief), for
appellant.

(Jason S. Miyares, Attorney General; Leah A. Darron, Senior
Assistant Attorney General, on brief), for appellee. Appellee
submitting on brief.

Counsel for Crystal Butler filed a brief on her behalf accompanied by a motion for leave to

withdraw in accordance with *Anders v. California*, 386 U.S. 738, 744 (1967). A copy of that

brief has been furnished to Butler with sufficient time for her to raise any matter that she

chooses. Butler has not filed any *pro se* supplemental pleadings. After examining the briefs and

record in this case, we affirm the trial court's judgment. We unanimously hold that oral argument is

unnecessary because "the appeal is wholly without merit." Code § 17.1-403(ii)(a); Rule 5A:27(a).

BACKGROUND

"In accordance with familiar principles of appellate review, the facts will be stated in the

light most favorable to the Commonwealth, the prevailing party [below]." *Poole v. Commonwealth*,

73 Va. App. 357, 360 (2021) (quoting *Gerald v. Commonwealth*, 295 Va. 469, 472 (2018)). In

doing so, we discard any of Butler's conflicting evidence and regard as true all credible evidence

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

favorable to the Commonwealth and all inferences that may reasonably be drawn from that evidence. *Gerald*, 295 Va. at 473.

Butler pled guilty to grand larceny, attempted malicious wounding of a law enforcement officer, hit and run with damage to attended property, and felony eluding.[1] Before accepting Butler's pleas, the court conducted a thorough colloquy to ensure she understood the implications of pleading guilty and was doing so freely and voluntarily.[2] Butler confirmed that she had signed a document entitled, "Guilty/Alford/*Nolo Contendere* Plea Questions to be asked Defendant by Court," after reviewing it with her attorney. By signing that document, Butler acknowledged that she had discussed the charges, their elements, possible defenses, and potential sentences with her attorney. After that discussion, Butler decided for herself to plead guilty because she was, in fact, guilty. Butler understood that by pleading guilty, she waived her rights to a trial by jury, not to incriminate herself, to confront the witnesses against her, and to appeal certain decisions of the court. Butler understood that the court could impose up to forty-five years' incarceration. Butler also understood that the court was not required to follow the sentencing guidelines, and the Commonwealth had not agreed to a particular sentence. Butler declined the opportunity to ask the court any questions. After the colloquy, the court accepted Butler's pleas, finding she had entered them "knowingly, intelligently and voluntarily."

The Commonwealth proffered that Butler, "without permission and with the intent to permanently deprive, entered and stole a Ford Explorer," which was valued at more than one

---

[1] Butler also pled guilty to first-offense DUI. Butler failed to timely file a notice of appeal from the trial court's final order sentencing her to twelve months in jail on that conviction, and therefore we lack jurisdiction to consider Butler's arguments concerning that sentence. *See Nicholson v. Commonwealth*, 300 Va. 17, 22 (2021) ("In order to confer active jurisdiction on an appellate court, a notice of appeal must be timely, and it must 'adequately identif[y] the case to be appealed.'" (quoting *Roberson v. Commonwealth*, 279 Va. 396, 407 (2010))).

[2] Judge Stephen C. Mahan presided over the hearing at which Butler pled guilty.

thousand dollars, "from [a] parking lot." After the owner "notified the Virginia Beach Police Department and gave a description of the vehicle," officers put out a "be on the look-out" for the Explorer and located it "in the parking lot" of a hotel. As uniformed officers approached the Explorer, Butler "accelerated at a high rate of speed out of the parking lot"; Officer M. Wholsen "pivot[ed] out of" Butler's path "to avoid being struck." Butler "continued out of the parking lot, despite commands to stop the vehicle, and ultimately crashed" the Explorer, totaling it. After crashing, Butler "exited the vehicle, failed to report her information or render assistance, and fled on foot." Officers located Butler in bushes "a few blocks from the crash" and arrested her. Upon her arrest, appellant's "speech was extremely slurred and she had a strong odor of alcohol about her person." Appellant "stated she was on a lot of drugs and couldn't answer any questions because she had been drinking all day." Subsequently, while "in booking," appellant saw "her co-defendant being brought in" and "stated 'I did it. I stole the car. I did the whole thing.'"

Based on Butler's pleas and the proffered evidence, the court convicted her of all charges. The court ordered a presentence report and continued the case for sentencing. At the sentencing hearing, Butler testified that she had "mental health struggles" and started taking various medications at age thirteen when she "lost [her] mother." She "started drinking" to "block out [her] feelings about everything that happened." Butler moved to Virginia "to change [her] life." She was homeless when the incident occurred, which she attributed to having "stopped taking [her] medications," and was using "cocaine, meth, and alcohol." While awaiting trial and sentencing, Butler had "been on her medication" and her "mental state" was one "hundred percent better." She was "stable" and maintained that stopping her medication again would not be "an option." Butler intended to find work after her release, would "fully comply" with probation, and had "supportive people" who would help her. Butler apologized for her behavior and admitted she had been "very

- 3 -

irresponsible" but claimed she had not wanted "to hit" Wholsen or "hurt[] anybody." Butler acknowledged that when she gave her account of events for the presentence report, she claimed that her wife "invited [her] into the stolen vehicle" and that she had consumed alcohol and was "exhausted" from "working two jobs."

When asked by the court what she had done to "make it right with the owner of the Ford Explorer," Butler replied that she did "not know who it is." The Commonwealth argued that Butler claimed she came to Virginia "to get her life back on track," but she "did not do that" and urged the court to "hold her accountable." Butler argued that Wholsen did "not have to jump out of the way" of the Explorer because she "swerve[d]" to avoid him. Further, she had "stay[ed] on her meds for over a year" and would have "the support of family and friends" to "help her" going forward. Butler asked the court to sentence her to the time she had already served, which was at "the low end" or "midpoint" of the discretionary sentencing guidelines.

The court found that Butler's offenses were "[d]isturbing." After considering the evidence, argument by counsel, and the discretionary sentencing guidelines,[3] the court sentenced Butler to ten years' incarceration, with all but two years suspended. After being accepted into a drug rehabilitation program, Butler moved the court to reconsider her sentence, which the court denied without a hearing. This appeal follows.

ANALYSIS

On appeal, Butler asserts that the trial court erred by imposing a sentence that exceeded the high end "of the sentencing guidelines by over a year and a half," with an active term that "was over double the high end of the sentencing guidelines," without noting a "reason for departure" "as required by statute." Butler emphasizes that she "expressed remorse" and "took responsibility for

---

[3] The discretionary sentencing guidelines recommended between seven months in jail and one year and five months in jail, with a midpoint of eleven months.

her actions." Additionally, she "presented the court with mitigation evidence," including her struggles "with mental health issues," that she was homeless and not taking her prescribed medications when the incident occurred, and that since being "in custody pending sentencing, she has been on her medications and doing much better." Further, she presented the court with "a plan" for success upon her release. Thus, she concludes that her mitigation evidence compelled "a sentence within the discretionary sentencing guidelines."

"We review the trial court's sentence for abuse of discretion." *Scott v. Commonwealth*, 58 Va. App. 35, 46 (2011). "[W]hen a statute prescribes a maximum imprisonment penalty and the sentence does not exceed that maximum, the sentence will not be overturned as being an abuse of discretion." *Minh Duy Du v. Commonwealth*, 292 Va. 555, 564 (2016) (quoting *Alston v. Commonwealth*, 274 Va. 759, 771-72 (2007)). Moreover, "[t]he sentencing guidelines are advisory only and do not require trial courts to impose specific sentences." *Runyon v. Commonwealth*, 29 Va. App. 573, 577-78 (1999). "[T]he recommended sentencing ranges contained in these discretionary guidelines are not binding on the trial judge but, rather, are mere tools to be used by the judge in fixing an appropriate sentence within the limitations established by the statute governing punishment for the particular crime." *Luttrell v. Commonwealth*, 42 Va. App. 461, 465 (2004). Thus, a judge's failure to follow the sentencing guidelines "shall not be reviewable on appeal or the basis of any other post-conviction relief." Code § 19.2-298.01(F). Accordingly, we may only consider whether the sentence fell outside the permissible statutory range. *See Smith v. Commonwealth*, 26 Va. App. 620, 626 (1998); *Valentine v. Commonwealth*, 18 Va. App. 334, 339 (1994). Here, Butler's sentence was within the statutory range. *See* Code §§ 18.2-10, 18.2-26, 18.2-51.1, 18.2-95, 46.2-817(B), and 46.2-894.

In addition, it was within the trial court's purview to weigh the mitigating evidence Butler presented. *Keselica v. Commonwealth*, 34 Va. App. 31, 36 (2000). "Criminal sentencing decisions are among the most difficult judgment calls trial judges face." *Minh Duy Du*, 292 Va. at 563. "Because this task is so difficult, it must rest heavily on judges closest to the facts of the case—those hearing and seeing the witnesses, taking into account their verbal and nonverbal communication, and placing all of it in the context of the entire case." *Id.* Here, the record demonstrates that the trial court considered the mitigating circumstances Butler cites on appeal, including her mental health struggles and that she had not been taking her prescribed medication at the time of the incident but had since been taking it as prescribed. Balanced against that evidence, however, was Butler's failure to do anything to compensate the victim of her theft for the destruction of his vehicle and her deflection of responsibility for her actions. In addition, contrary to her testimony at the sentencing hearing, by pleading guilty to attempted malicious wounding of a law enforcement officer, Butler admitted that she intended to hit Wholsen. After considering all the circumstances, the trial court imposed the sentence that it deemed appropriate. That sentence "does not exceed [the statutory] maximum," and our task is complete. *Id.* at 564; *see also Thomason v. Commonwealth*, 69 Va. App. 89, 99 (2018) ("Appellant's sentence was within the statutory range, and our task is complete.").

CONCLUSION

Accordingly, we affirm the trial court's judgment and grant the motion for leave to withdraw. *See Anders*, 386 U.S. at 744. This Court's records shall reflect that Crystal Butler is now proceeding without the assistance of counsel in this matter and is representing herself on any further proceedings or appeal.

*Affirmed*.