COURT OF APPEALS OF VIRGINIA

Present:  Judges Baker, Bray and Overton
Argued at Norfolk, Virginia


NELSON DOLLAR SMITH
                                          OPINION BY
v.        Record No. 0181-97-1    JUDGE NELSON T. OVERTON
                                        FEBRUARY 24, 1998
COMMONWEALTH OF VIRGINIA


        FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                        John K. Moore, Judge

        William Brandon Baade for appellant.

        Pamela A. Rumpz, Assistant Attorney General
        (Richard Cullen, Attorney General;
        Kimberley A. Whittle, Assistant Attorney
        General, on brief), for appellee.


        Nelson Dollar Smith ("defendant") was convicted in the

Circuit Court of the City of Virginia Beach of two counts of

distribution of cocaine, in violation of Code § 18.2-248, one

count of distribution of cocaine within 1,000 feet of a school,

in violation of Code § 18.2-255.2, and one count of conspiracy to

distribute cocaine, in violation of Code § 18.2-256.  Defendant

contends the trial court erred when it:  (1) ruled that a general

order regarding the filing of a "PD-256" confiscation form was

irrelevant, (2) ruled that the parking lot of a 7-Eleven

convenience store was a "property open to public use" under Code

§ 18.2-255.2 and (3) imposed a sentence in excess of that

recommended by the sentencing guidelines.  Because we find no

error, we affirm.

        We examine the evidence in the light most favorable to the

Commonwealth, granting to it all reasonable inferences fairly deducible therefrom.  See Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987).  So viewed, the evidence indicates that on October 25, 1994, defendant sold cocaine with a street value of fifty dollars to an undercover detective of the City of Virginia Beach Police Department.  The sale was consummated in the parking lot of a 7-Eleven convenience store.  This parking lot was located across the street from Bayside High School, well within the 1,000-foot limit proscribed by Code § 18.2-255.2.  Following the arrest of a fellow narcotics dealer in the same parking lot, defendant was also arrested.

At trial, defense counsel sought to cross-examine Detective J.V. Lindsay, the case officer in charge of the investigation, as to how he should file a "PD-256" confiscation form.  This form is used by the City of Virginia Beach police to keep track of the weight of drugs seized from suspects after arrest.  Specifically, defense counsel questioned Detective Lindsay regarding a general order requiring this form to be completed by the end of the shift within which a suspect is arrested.  The Commonwealth objected, and the objection was sustained.  The trial court ruled that evidence of Detective Lindsay's actions with regard to the drugs and the form used to track them were relevant, but whether he met the time limit imposed by a general order not in evidence was irrelevant.  Defense counsel complied with the trial court's ruling without proffer of the language of the general order.

Defendant was later convicted by a jury and sentenced to seventy-five years incarceration and an eight hundred thousand dollar fine.

Defendant's first ascription of error is the trial court's ruling that his questions regarding completion of the drug confiscation form were irrelevant. He argues that Detective Lindsay's alleged non-compliance with a general order indicates that he may have purposefully misstated the weight of the drugs or fabricated their existence. While "the right of an accused to cross-examine prosecution witnesses to show bias or motivation, when not abused, is absolute," Brandon v. Commonwealth, 22 Va. App. 82, 88, 467 S.E.2d 859, 861 (1996), the record before us provides insufficient grounds upon which to decide this issue.

> [A] unilateral avowal of counsel, if unchallenged, or a mutual stipulation of the testimony expected constitutes a proper proffer, and that absent such acquiescence or stipulation, this Court will not consider an error assigned to the rejection of testimony unless such testimony has been given in the absence of the jury and made a part of the record in the manner prescribed by the Rules of Court.

Whittaker v. Commonwealth, 217 Va. 966, 969, 234 S.E.2d 79, 81 (1977). In the instant case, defense counsel never proffered the general order which he claims was violated. In fact, Detective Lindsay disputed that the order contained the time limit which defendant claims it imposes. With nothing in the record clarifying the substantive details of the order, and, therefore, no indication of how far Detective Lindsay may have strayed from

the order, we cannot say the trial court abused its discretion when it stopped defense counsel from exploring the area. See Mostyn v. Commonwealth, 14 Va. App. 920, 924, 420 S.E.2d 519, 521 (1992).

Defendant next contends the trial court erred in finding that he sold cocaine within an area proscribed by Code § 18.2-255.2(A). The statute reads in pertinent part:

> [i]t shall be unlawful for any person to manufacture, sell or distribute or possess with intent to sell, give or distribute any controlled substance, imitation controlled substance or marijuana at any time . . . (ii) upon public property or any property open to public use within 1,000 feet of such school property.

"[W]ords and phrases used in a statute should be given their ordinary and usually accepted meaning unless a different intention is fairly manifest." Woolfolk v. Commonwealth, 18 Va. App. 840, 847, 447 S.E.2d 530, 534 (1994) (citing Huffman v. Kite, 198 Va. 196, 199, 93 S.E.2d 328, 331 (1956)). When the words are clear and unambiguous we are also bound by the following principle:

> "While in the construction of statutes the constant endeavor of the courts is to ascertain and give effect to the intention of the legislature, that intention must be gathered from the words used, unless a literal construction would involve a manifest absurdity. Where the legislature has used words of a plain and definite import the courts cannot put upon them a construction which amounts to holding the legislature did not mean what it has actually expressed."

Weinberg v. Given, 252 Va. 221, 225-26, 476 S.E.2d 502, 504

- 4 -

(1996) (quoting Barr v. Town & Country Properties Inc., 240 Va. 292, 295, 396 S.E.2d 672, 674 (1990)).

With these directives in mind, we look to the language of the statute. The meaning of the phrase "property open to public use" has never been interpreted by an appellate court, most likely due to the relatively clear import of its language. Defendant urges us to adopt the view that only property owned or associated with state or local government is contemplated by the law. His assertion, however, ignores the remainder of the statutory language. Code § 18.2-255.2(A)(ii) states that "public property or any property open to public use" is covered by the statute. (Emphasis added). If the General Assembly had intended to restrict application of the law to public property only, it would not have included the words "or any property open to public use." Defendant's interpretation requires us to hold that the phrase "property open to public use" is redundant and meaningless. This we will not do. See Jones v. Conwell, 227 Va. 176, 180, 314 S.E.2d 61, 64 (1984) ("The rules of statutory interpretation argue against reading any legislative enactment in a manner that will make a portion of it useless, repetitious, or absurd.").

Because the meaning of "property open to public use" is not simply limited to public property, we look to the intent of the legislature to define those areas where the statute does apply. It is no great difficulty to divine the intention of the General

Assembly when it passed Code § 18.2-255.2. It has identified the evil to society that drug use and distribution represent. This drug culture is particularly destructive to the young and impressionable members of our society. In an attempt to contain this modern plague, both the General Assembly and Congress have increased the penalties accruing to one who sells narcotics "'[i]n such areas, where children congregate in large numbers before, during, and after school sessions.'" Commonwealth v. Burns, 240 Va. 171, 178, 395 S.E.2d 456, 459 (1990) (quoting United States v. Nieves, 608 F. Supp. 1147, 1149-50 (S.D.N.Y. 1985)); See also 21 U.S.C. § 845a.

The convenience store outside of which defendant sold his cocaine is the type of place where school age children congregate. It is located directly across the street from a high school in the City of Virginia Beach. There is no indication in the record that that location was blocked, closed or in any way inaccessible to the public. Indeed, the record suggests that the participants to the drug transaction at issue had full access to the property on several occasions with no interruption from the owners of the establishment. Under these circumstances we hold that this convenience store parking lot was "property open to public use."

Defendant's third and final argument is one that has been consistently advanced and equally as consistently rejected. He contends the trial court abused its discretion by imposing the

seventy-five-year sentence and eight hundred thousand dollar fine that was recommended by the jury. The law on this issue could not be more clear. This Court's review is limited to whether the sentence fell within the permissible statutory range. Code § 19.2-298.01(F); see also Belcher v. Commonwealth, 17 Va. App. 44, 46, 435 S.E.2d 160, 161 (1993). Because all of defendant's sentences and fines were within the statutory range, defendant's argument is without support in law or in fact.

Because we find no error in the trial court, we affirm defendant's convictions.

Affirmed.