COURT OF APPEALS OF VIRGINIA

Present:   Senior Judges Annunziata, Frank and Petty

KAREN CLEVONNE FRAZIER

v.      Record No. 1037-21-1

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION*
PER CURIAM
MAY 31, 2022

FROM THE CIRCUIT COURT OF THE CITY OF WILLIAMSBURG
AND COUNTY OF JAMES CITY
Holly B. Smith, Judge

(Julie L. Churchill; The Law Office of Julie L. Churchill, PLLC, on
brief), for appellant.  Appellant submitting on brief.

(Jason S. Miyares, Attorney General; Matthew J. Beyrau, Assistant
Attorney General, on brief), for appellee.  Appellee submitting on
brief.

Appellant's counsel has moved for leave to withdraw.  The motion to withdraw is

accompanied by a brief referring to the part of the record that might arguably support this appeal.

A copy of that brief has been furnished to appellant with sufficient time for her to raise any

matter that she chooses.  Appellant has not filed any supplemental pleadings.

The trial court convicted appellant on her guilty plea of distributing a controlled

substance and sentenced her to ten years' imprisonment with eight years suspended.  On appeal,

appellant asserts that the trial court abused its sentencing discretion by failing to sentence her

below the range recommended by the discretionary sentencing guidelines and giving inadequate

weight to her mitigating circumstances.  After examining the briefs and record in this case, the

panel unanimously holds that oral argument is unnecessary because "the dispositive" issue in this

_____

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

appeal has been "authoritatively decided, and the appellant has not argued that the case law should be overturned, extended, modified, or reversed." Code § 17.1-403(ii)(b); Rule 5A:27(b). Accordingly, we affirm the trial court's judgment.

## BACKGROUND

"In accordance with familiar principles of appellate review, the facts will be stated in the light most favorable to the Commonwealth, the prevailing party at trial." *Poole v. Commonwealth*, 73 Va. App. 357, 360 (2021) (quoting *Gerald v. Commonwealth*, 295 Va. 469, 472 (2018)). In doing so, we discard any of appellant's conflicting evidence, and regard as true all credible evidence favorable to the Commonwealth and all inferences that may reasonably be drawn from that evidence. *Gerald*, 295 Va. at 473.

On December 7, 2020, the trial court convicted appellant of distribution of cocaine under a written plea agreement. The plea agreement expressly provided that "any active incarceration [would] be consistent with the [discretionary] sentencing guidelines presented in the pre-sentence report" but the Commonwealth could recommend a lower amount. Before accepting appellant's plea, the trial court conduced a careful colloquy with her to ensure she was entering it freely and voluntarily. During the colloquy, appellant confirmed her understanding that any active incarceration would be consistent with the sentencing guidelines and that the maximum punishment was forty years' incarceration.

At the sentencing hearing, appellant testified that after a fall in January 2019, she experienced significant pain, had back surgery, and sold cocaine to support her personal habit and self-medication. Appellant participated in the Real Life program to learn life skills, address her drug use, and anger management. After her conviction, appellant started new relationships that supported her recovery. Appellant began volunteering at her church and the humane society. Appellant stopped all drug and alcohol use and believed she had turned her life around. Appellant

acknowledged that her criminal record included convictions for distributing cocaine in 2003.

Appellant argued that due to her mitigating circumstances, the trial court should sentence her below

the guidelines or at the most, consider the low end of the sentencing guidelines.[1]

The trial court acknowledged appellant's work in the Real Life program and appreciated the

various efforts she had put into rehabilitation. Nevertheless, the court was concerned with

appellant's felony criminal history, including drug offenses. Because of appellant's prior offenses,

the court sentenced appellant to ten years' imprisonment with eight years suspended. This appeal

follows.

ANALYSIS

Appellant argues that the trial court erred and abused its discretion by failing to sentence her

below the recommended sentencing guideline range. Appellant emphasizes that she had addressed

her "long-term drug addiction" through "the Real Life Program," volunteering, and changing "the

people, places, and things" around her. She also argues that she expressed "remorse for her crime"

and "admitted her wrongdoing" by pleading guilty. She asserts that her two-year active sentence

was excessive considering the above mitigating circumstances and a sentence below the guidelines

would have enabled her to remain sober and continue addressing her addiction.

"We review the trial court's sentence for abuse of discretion." *Scott v. Commonwealth*, 58

Va. App. 35, 46 (2011). "[W]hen a statute prescribes a maximum imprisonment penalty and the

sentence does not exceed that maximum, the sentence will not be overturned as being an abuse of

discretion." *Du v. Commonwealth*, 292 Va. 555, 564 (2016) (quoting *Alston v. Commonwealth*, 274

Va. 759, 771-72 (2007)). In addition, "[t]he sentencing guidelines are advisory only and do not

require trial courts to impose specific sentences." *Runyon v. Commonwealth*, 29 Va. App. 573,

---

[1] The sentencing guidelines recommended between one year in jail and two years and five months of incarceration.

577-78 (1999). "[T]he recommended sentencing ranges contained in these discretionary guidelines are not binding on the trial court but, rather, are mere tools to be used by the judge in fixing an appropriate sentence within the limitations established by the statute governing punishment for the particular crime." *Luttrell v. Commonwealth*, 42 Va. App. 461, 465 (2004). Accordingly, we may only consider whether the sentence fell outside the permissible statutory range. *Smith v. Commonwealth*, 26 Va. App. 620, 626 (1998); *Valentine v. Commonwealth*, 18 Va. App. 334, 339 (1994). Here, appellant's sentence is within the sentencing range set by the legislature. *See* Code § 18.2-248(C).

To the extent appellant argues her sentence is excessive, this Court declines to engage in a proportionality review in cases that do not involve life sentences without the possibility of parole. *Cole v. Commonwealth*, 58 Va. App. 642, 653-54 (2011). We noted in *Cole* that the Supreme Court of the United States "has never found a non-life 'sentence for a term of years within the limits authorized by statute to be, by itself, a cruel and unusual punishment' in violation of the Eighth Amendment." *Id.* (quoting *Hutto v. Davis*, 454 U.S. 370, 372 (1982) (*per curiam*)); *cf. Vasquez v. Commonwealth*, 291 Va. 232, 243 (2016) (rejecting Eighth Amendment challenge to 133-year active sentence because the sentence was imposed for "eighteen separate crimes"). "It lies within the province of the legislature to define and classify crimes and to determine the punishments for those crimes." *DePriest v. Commonwealth*, 33 Va. App. 754, 764 (2000).

Finally, it is within the trial court's purview to weigh any mitigating evidence appellant presented. *Keselica v. Commonwealth*, 34 Va. App. 31, 36 (2000). "Criminal sentencing decisions are among the most difficult judgment calls trial judges face." *Du*, 292 Va. at 563. "Because this task is so difficult, it must rest heavily on the judges closest to the facts of the case—those hearing and seeing the witnesses, taking into account their verbal and nonverbal communication, and placing all of it in the context of the entire case." *Id.* Here, the record demonstrates that the trial

court considered appellant's mitigating evidence, including her rehabilitation and remorse. Balanced against that evidence, however, was appellant's significant criminal history of distributing drugs. After considering the circumstances, the trial court imposed the sentence that it deemed appropriate. That sentence was "within the statutory range, and our task is complete." *Thomason v. Commonwealth*, 69 Va. App. 89, 99 (2018).

## CONCLUSION

Accordingly, we affirm the trial court's judgment and grant the motion for leave to withdraw. *See Anders v. California*, 386 U.S. 738, 744 (1967). This Court's records shall reflect that Karen Clevonne Frazier is now proceeding without the assistance of counsel in this matter and is representing herself on any further proceedings or appeal.

*Affirmed.*