COURT OF APPEALS OF VIRGINIA

Present: Senior Judges Clements, Haley and Petty

SEKOU T. DIALLO

v.       Record No. 1075-21-2

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION*
PER CURIAM
JULY 12, 2022

FROM THE CIRCUIT COURT OF HENRICO COUNTY
Richard Strouse Wallerstein, Jr., Judge

(Stephen A. Mutnick; Winslow, McCurry & MacCormac, PLLC, on
brief), for appellant. Appellant submitting on brief.

(Jason S. Miyares, Attorney General; Jason D. Reed, Assistant
Attorney General, on brief), for appellee.

Counsel for Sekou T. Diallo, appellant, filed a brief on his behalf accompanied by a motion

for leave to withdraw in accordance with *Anders v. California*, 386 U.S. 738, 744 (1967). A copy

of that brief has been furnished to appellant with sufficient time for him to raise any matter that

he chooses. On appeal, appellant argues that "the trial court abused its discretion when it

imposed a term of active incarceration clearly inconsistent with the facts of the case." Appellant

has not filed any *pro se* supplemental pleadings.

We have reviewed the parties' pleadings, fully examined the proceedings, and determined

the case to be wholly without merit as set forth below. Thus, the panel unanimously holds that oral

argument is unnecessary. *See* Code § 17.1-403(ii)(a); Rule 5A:27(a).

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

UNPUBLISHED

BACKGROUND

"In accordance with familiar principles of appellate review, the facts will be stated in the light most favorable to the Commonwealth, the prevailing party [below]." *Poole v. Commonwealth*, 73 Va. App. 357, 360 (2021) (quoting *Gerald v. Commonwealth*, 295 Va. 469, 472 (2018)). In doing so, we discard any of appellant's conflicting evidence, and regard as true all credible evidence favorable to the Commonwealth and all inferences that may reasonably be drawn from that evidence. *Gerald*, 295 Va. at 473.

On June 15, 2021, appellant pled guilty, pursuant to a plea agreement, to unlawful wounding.[1] After a long colloquy, the trial court accepted appellant's plea as freely, intelligently, and voluntarily given.

The Commonwealth proffered that on October 23, 2020, Henrico County Police responded to calls that a shooting had taken place at 4508 Hillbrook Avenue. When the officers arrived, they found appellant standing next to his vehicle with his hands in the air and a firearm at his feet. Appellant directed officers to the back of the residence where they found Keith Jones with a gunshot wound to his leg. Officers began first aid until EMS arrived and transported Jones to the hospital. Before being transported, Jones related his version of events to the officers and indicated that appellant had shot him.

Detectives arrested and interviewed appellant. In the interview, appellant admitted that he thought Jones had stolen his firearm and, consequently, he and two of his friends had gone to the residence, kicked in the front door, and assaulted Jones. The fight progressed to the front of the home, and "the firearm that was involved was thrown into the bushes." While appellant retrieved

---

[1] Appellant was originally charged with malicious wounding, use of a firearm in commission of a felony, and entering a home in the nighttime or break and enter in the daytime, with the intent to commit assault and battery. The malicious wounding charge was amended to unlawful wounding, and the trial court, on the Commonwealth's motion, ordered a *nolle prosequi* of the other charges.

- 2 -

the firearm, Jones fled through the residence to the backyard. Upon retrieving his firearm, appellant followed Jones into the backyard and confronted him about why he had taken the gun. Jones reached for the gun, and appellant purposely shot him in the leg. After he shot Jones, appellant went to his vehicle and waited for police to arrive.

Appellant agreed that the Commonwealth's proffer was correct. His counsel noted that appellant made the statement "someone should call the police" after the incident and remained on the scene until police arrived. When the officer arrived, appellant was cooperative and gave a full statement about what occurred. The trial court found appellant guilty of unlawful wounding and ordered a presentence report to be prepared.

At the sentencing hearing on September 22, 2021,[2] the trial court noted that it had received a presentence investigation report on September 15, 2021, which had the incorrect guidelines, as well as a revised presentence investigation report under a cover letter dated September 21, 2021, which contained the correct guidelines. The trial court marked the September 15, 2021 guidelines as incorrect and made the presentence investigation report with the new guidelines part of the record.

Tequita Tillar, Jones' mother, testified that on the day of the shooting VCU Medical Center called her and told her that Jones was in the trauma unit under an alias. Jones had used an alias because he was afraid of retaliation. Tillar stated that because of the shooting Jones had "a metal rod placed in his leg from his thigh down to below his knee" and that the rod would remain in his leg for the rest of his life. Because of this device, Jones began living with Tillar. Since this incident, Jones has become paranoid and has difficulty sleeping. To quell Jones' fears, Tillar installed security cameras. She also noted that Jones may lose visitation rights to his son because the child's mother fears retaliation. Tiller stated that Jones has not participated in these proceedings

---

[2] Originally scheduled for September 24, 2021, but defense counsel requested that the sentencing date be changed to September 22, 2021.

because he "was labeled as a snitch, and he didn't want anything to happen to himself or [Tillar] or his child."

At the conclusion of the evidence, the Commonwealth argued that the sentencing guidelines[3] were inappropriate because "the facts of this case are pretty disconcerting." Appellant, believing Jones had stolen his firearm, went to a home, kicked in the door, pulled Jones out of the house, and beat him until he found the firearm. When Jones extracted himself from the chaos and fled through the house into the backyard, appellant, rather than leaving the scene having retained his gun, pursued, and eventually shot Jones in the leg. Consequently, Jones has a permanent rod in his leg and must live with his mother. While at the hospital for treatment Jones was admitted under an alias because there were concerns about retaliation, which still exist. Tiller testified that Jones is paranoid, has trouble sleeping, and has security cameras around the home they share. Jones is afraid he may lose visitation with his child because there is still the potential for retaliation. Because shooting Jones was a calculated action and appellant seemingly thought nothing of it, the Commonwealth argued, the trial court should sentence appellant above the guidelines.

Appellant argued that he neither absconded nor hid the firearm from the police. Instead, he remained on the scene to recount his version of the events, and he admitted that he shot Jones. Although Jones was scared, he argued that there was no evidence that he made any threats towards Jones after this incident. He further argued that his criminal record was minimal. Although he had been convicted of shoplifting and several traffic offenses, this charge is his first felony conviction. Appellant argued that he should be sentenced within the guidelines because he accepted blame and does not have an extensive criminal history. In allocution, appellant apologized and again took responsibility for shooting Jones.

---

[3] The guidelines recommended that appellant be sentenced to eight months, on the low end, and two years, two months on the high end, with one year, four months as the midpoint.

Before pronouncing its sentence, the trial court noted that it had reviewed the guilty plea to the unlawful wounding charge, as well as the presentencing investigation report and guidelines. The trial court found that the guidelines were not appropriate and sentenced appellant to five years of incarceration with one year suspended and ordered that appellant have no contact directly or indirectly with Jones or any of his household or family members as defined by the Code of Virginia. In explaining its departure from the guidelines, the trial court reasoned that appellant "beat and shot [Jones] causing significant permanent physical and psychological injuries." This appeal follows.

ANALYSIS

Appellant contends that the trial court abused its discretion by upwardly departing from the guidelines and imposing four years of active incarceration on his first felony conviction. Appellant argues that the trial court's reasoning for its departure is based on inferences from evidence that the trial court "ostensibly ruled was inadmissible." He further argues that the trial court should have given significant mitigating weight to his lack of a record when sentencing him. Finally, he argues that this Court's "current position that when the maximum punishment is proscribed by statute, and the sentence imposed does not exceed the maximum, that the sentence will not be overturned as an abuse of discretion is untenable." He argues that this position does not allow this Court to grant relief from unnecessarily harsh sentences.

We decline appellant's invitation to abandon existing precedent. Under the interpanel accord doctrine, "a decision from a panel of this Court 'cannot be overruled except by the Court of Appeals sitting *en banc* or by the Virginia Supreme Court.'" *Sandoval v. Commonwealth*, 64 Va. App. 398, 419 (2015) (quoting *Clinchfield Coal Co. v. Reed*, 40 Va. App. 69, 73 (2003)). Similarly, we do not have the authority to overrule decisions by the Supreme Court. *Vay v. Commonwealth*, 67 Va. App. 236, 258 n.6 (2017).

"We review the trial court's sentence for abuse of discretion." *Scott v. Commonwealth*, 58 Va. App. 35, 46 (2011). "[W]hen a statute prescribes a maximum imprisonment penalty and the sentence does not exceed that maximum, the sentence will not be overturned as being an abuse of discretion." *Minh Duy Du v. Commonwealth*, 292 Va. 555, 564 (2016) (quoting *Alston v. Commonwealth*, 274 Va. 759, 771-72 (2007)).

"The sentencing guidelines are advisory only and do not require trial courts to impose specific sentences." *Runyon v. Commonwealth*, 29 Va. App. 573, 577-78 (1999). "[T]he recommended sentencing ranges contained in these discretionary guidelines are not binding on the trial judge but, rather, are mere tools to be used by the judge in fixing an appropriate sentence within the limitations established by the statute governing punishment for the particular crime." *Luttrell v. Commonwealth*, 42 Va. App. 461, 465 (2004). A judge's failure to follow the sentencing guidelines "shall not be reviewable on appeal or the basis of any other post-conviction relief." Code § 19.2-298.01(F). Accordingly, we may only consider whether the sentence fell outside the permissible statutory range. *See Smith v. Commonwealth*, 26 Va. App. 620, 626 (1998); *Valentine v. Commonwealth*, 18 Va. App. 334, 339 (1994).

> If any person maliciously shoot, stab, cut, or wound any person or by any means cause him bodily injury, with the intent to maim, disfigure, disable, or kill, he shall, except where it is otherwise provided, be guilty of a Class 3 felony. If such act be done unlawfully but not maliciously, with the intent aforesaid, the offender shall be guilty of a Class 6 felony.

Code § 18.2-51. Appellant was sentenced to five years, with one year suspended. This sentence was within the range set by the legislature. *See* Code §§ 18.2-10 and 18.2-51. Accordingly, the trial court did not abuse its discretion.

To the extent that appellant argues that his sentence was disproportionate, this Court declines to engage in a proportionality review in cases that do not involve life sentences without the possibility of parole. *Cole v. Commonwealth*, 58 Va. App. 642, 653-54 (2011). We noted in

*Cole* that the Supreme Court of the United States "has never found a non-life 'sentence for a term of years within the limits authorized by statute to be, by itself, a cruel and unusual punishment' in violation of the Eighth Amendment." *Id.* at 653 (quoting *Hutto v. Davis*, 454 U.S. 370, 372 (1982) (*per curiam*)). *Cf. Vasquez v. Commonwealth*, 291 Va. 232, 243 (2016) (rejecting Eighth Amendment challenge to 133-year active sentence because the sentence was imposed for "eighteen separate crimes"). We find no abuse of discretion with the trial court's sentencing decision.

## CONCLUSION

Accordingly, we affirm the trial court's judgment and grant the motion for leave to withdraw. *See Anders*, 386 U.S. at 744. This Court's records shall reflect that Sekou T. Diallo is now proceeding without the assistance of counsel in this matter and is representing himself on any further proceedings or appeal.

*Affirmed*.