COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Huff, O'Brien and Russell*

LEMARE RHAE SHAUN TYNES

v.      Record No. 1414-21-1

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION**
PER CURIAM
JULY 12, 2022

FROM THE CIRCUIT COURT OF THE CITY OF CHESAPEAKE
Timothy S. Wright, Judge

(Kelsey Bulger, Senior Assistant Public Defender, Indigent Defense
Commission, on brief), for appellant.

(Jason S. Miyares, Attorney General; David A. Mick, Assistant
Attorney General; Sharon M. Carr, Assistant Attorney General, on
brief), for appellee.


Under the terms of a written plea agreement, Lemare Rhae Shaun Tynes pled guilty to

assault of a law enforcement officer and fleeing from a law enforcement officer. The trial court

convicted appellant upon his pleas and sentenced him to two years and six months' incarceration

with six months suspended. On appeal, appellant argues that the trial court abused its sentencing

discretion. After examining the briefs and record in this case, the panel unanimously holds that oral

argument is unnecessary because "the appeal is wholly without merit." Code § 17.1-403(ii)(a);

Rule 5A:27(a). Accordingly, for the reasons stated below, we affirm the judgment of the trial

court.

---

* Justice Russell prepared and the Court adopted the opinion in this case prior to his
investiture as a Justice of the Supreme Court of Virginia.

** Pursuant to Code § 17.1-413, this opinion is not designated for publication.

BACKGROUND

"In accordance with familiar principles of appellate review, the facts will be stated in the light most favorable to the Commonwealth, the prevailing party at trial." *Poole v. Commonwealth*, 73 Va. App. 357, 360 (2021) (quoting *Gerald v. Commonwealth*, 295 Va. 469, 472 (2018)). Accordingly, we discard any of appellant's conflicting evidence, and regard as true all credible evidence favorable to the Commonwealth and all inferences that may reasonably be drawn from that evidence. *Gerald*, 295 Va. at 473.

Before accepting appellant's guilty pleas, the trial court conducted a thorough colloquy with him to ensure the pleas were entered freely and voluntarily. Appellant confirmed that he had discussed the charges with his attorney and was pleading guilty because he was, "in fact, guilty." Appellant acknowledged that the trial court was not bound by the discretionary sentencing guidelines and could sentence him to a maximum of five years and twelve months' incarceration. Appellant confirmed that the written plea agreement, which did not contain an agreed sentence, represented his entire agreement with the Commonwealth and asked the trial court to accept it.

Upon finding that appellant had entered his guilty pleas freely and voluntarily and with an understanding of their consequences, the trial court accepted the plea agreement. A written joint stipulation of facts revealed that in April 2020, Chesapeake Police Officer Velez received a report of an assault occurring on Leonard Avenue. During Officer Velez's investigation, appellant admitted to her that he had pulled the victim's hair and "head-butt[ed]" her. When Officer Velez arrested appellant for that assault and tried to place him in the back of her patrol vehicle, he resisted and tried to "head-butt" another officer. Eventually, several officers pushed appellant into the vehicle, and he was transported to the jail.

When appellant stopped verbally responding to the officers at the jail, they took him to a hospital for a "medical clearance." At the hospital, appellant spit on Officer Velez's face and stated that he "hopes she gets the corona." While returning to the jail, appellant "manipulated the handcuffs to the front of his body," "began spitting and smearing blood over the patrol vehicle," and stated that he wanted Officer Velez to "catch[] the corona virus."

Appellant signed the stipulation of facts and agreed that it accurately summarized the Commonwealth's evidence. Based on appellant's pleas and the stipulated evidence, the trial court convicted him of assault and battery of a law enforcement officer and fleeing from a law enforcement officer and continued the matter for sentencing.[1]

At the sentencing hearing, appellant testified that while in the hospital and as Officer Velez was touching his chest, he coughed, accidentally spitting on her. He relayed that he had four children and worked at an auto body repair shop and that he intended to return to work after his release from incarceration "to help [his] family." Appellant's manager from work wrote a letter to the trial court, reporting that appellant had been working for him for several years and was a "great asset." The manager characterized appellant as hardworking, trustworthy, and "dedicated to his job." Appellant further claimed that he had done a lot of "good" for his community, including providing meals for the homeless and encouraging "gang members" to "get jobs."

The Commonwealth asked the trial court to sentence appellant between the midpoint and the high end of the discretionary sentencing guidelines range.[2] Noting appellant's lengthy

---

[1] Consistent with the plea agreement, the trial court granted the Commonwealth's motion to *nolle prosequi* a charge of assault and battery of a household member, third or subsequent offense.

[2] The sentencing guidelines recommended between one year and one month of incarceration and three years and five months of incarceration, with a midpoint of two years and three months.

criminal record, which included numerous assault and battery convictions against family members and law enforcement officers, the Commonwealth argued that he was a "violent person who has issues with authority figures." The Commonwealth also argued that the joint stipulation of facts contradicted much of appellant's sentencing testimony.

Appellant countered that his last conviction for assaulting a law enforcement officer occurred twelve years before the present offenses and that the letter from his employer demonstrated he was a "wonderful worker" and "not a bad guy." In allocution, appellant apologized to the police officers but reiterated that he did not intend to spit on Officer Velez. He said that "three close family members" and a mentor recently had died after contracting COVID-19. Appellant admitted he was "mad" and said he should not have "let [his] anger get the best of [him]." Appellant asked the trial court to sentence him below the midpoint of the sentencing guidelines.

The trial court told appellant it was never "too late" to apologize to the officer and, emphasizing appellant's positive employment, regretted that appellant had to be sentenced. Nevertheless, the trial court found that appellant's actions necessitated consequences, and it sentenced appellant to a total of two years of active incarceration, which was "below the midpoint of the guidelines."

ANALYSIS

Appellant does not argue that his sentences exceeded the applicable statutory maximum for either of his convictions. Instead, he asserts that the trial court "failed to consider the mitigating circumstances" and erred by sentencing him "to more active incarceration than the law required."[3]

---

[3] The Commonwealth contends that these arguments are defaulted pursuant to Rule 5A:18 because appellant did not make these specific arguments in the trial court. We previously have recognized that our charge to decide cases on "the best and narrowest ground available"

- 4 -

"We review the trial court's sentence for abuse of discretion." *Scott v. Commonwealth*, 58 Va. App. 35, 46 (2011). "[W]hen a statute prescribes a maximum imprisonment penalty and the sentence does not exceed that maximum, the sentence will not be overturned as being an abuse of discretion." *Du v. Commonwealth*, 292 Va. 555, 564 (2016) (quoting *Alston v. Commonwealth*, 274 Va. 759, 771-72 (2007)). In addition, "[t]he sentencing guidelines are advisory only and do not require trial courts to impose specific sentences." *Runyon v. Commonwealth*, 29 Va. App. 573, 577-78 (1999). "[T]he recommended sentencing ranges contained in these discretionary guidelines . . . are mere tools to be used by the judge in fixing an appropriate sentence within the limitations established by the statute governing punishment for the particular crime." *Luttrell v. Commonwealth*, 42 Va. App. 461, 465 (2004). Accordingly, on appeal we may consider only whether the sentence fell outside the permissible statutory range. *Smith v. Commonwealth*, 26 Va. App. 620, 626 (1998); *Valentine v. Commonwealth*, 18 Va. App. 334, 339 (1994). Here, appellant's sentence is within the sentencing range set by the legislature. *See* Code §§ 18.2-57(C) and 18.2-460(E).

"Criminal sentencing decisions are among the most difficult judgment calls trial judges face." *Du*, 292 Va. at 563. "Because this task is so difficult, it must rest heavily on the judges closest to the facts of the case—those hearing and seeing the witnesses, taking into account their verbal and nonverbal communication, and placing all of it in the context of the entire case." *Id.* It is within the trial court's purview to weigh any mitigating evidence appellant presented. *Keselica v. Commonwealth*, 34 Va. App. 31, 36 (2000).

---

may augur in favor of addressing the merits of an appeal as opposed to a procedural default argument. *Abdo v. Commonwealth*, 64 Va. App. 468, 473 n.1 (2015) (internal quotation marks and citation omitted). We conclude this is such a case. Accordingly, we assume, but do not decide, that appellant's arguments are sufficiently preserved to permit our review.

Appellant concedes that the trial court heard the evidence he offered in mitigation but asserts that the trial court did not consider that evidence. This assertion conflates consideration of evidence with giving that evidence sufficient weight to merit a different outcome. The record demonstrates that the trial court considered the evidence appellant offered: it stated that it listened to appellant's testimony and read the letter from his employer. The trial court explained, "Mr. Tynes, I've listened to the Commonwealth argue. I've listened to your attorney argue on your behalf. I have looked at the file." Having done so, the trial court imposed the sentence that it deemed appropriate based on all of the evidence. That sentence was "within the statutory range, and our task is complete." *Thomason v. Commonwealth*, 69 Va. App. 89, 99 (2018).

## CONCLUSION

For the foregoing reasons, the trial court's judgment is affirmed.

*Affirmed.*