COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges O'Brien, Ortiz and Senior Judge Haley

TRAVIS ONEAL BOWDEN

MEMORANDUM OPINION*
v.      Record No. 2007-22-2                        PER CURIAM
                                                    SEPTEMBER 5, 2023
COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
M. Duncan Minton, Jr., Judge

(Brett P. Blobaum, Senior Appellate Attorney; Virginia Indigent
Defense Commission, on briefs), for appellant.

(Jason S. Miyares, Attorney General; Craig W. Stallard, Senior
Assistant Attorney General, on brief), for appellee.

Upon his guilty pleas, the trial court convicted Travis Oneal Bowden of possession of

cocaine, possession of heroin, possession of ammunition by a convicted felon, and two counts of

distributing a controlled substance. The court sentenced Bowden to 35 years of incarceration with

22 years suspended. Bowden contends that the court abused its discretion by sentencing him to an

active term of incarceration of 13 years. After examining the briefs and record in this case, the

panel unanimously holds that oral argument is unnecessary because "the appeal is wholly without

merit." Code § 17.1-403(ii)(a); Rule 5A:27(a).

BACKGROUND

"In accordance with familiar principles of appellate review, the facts will be stated in the

light most favorable to the Commonwealth, the prevailing party at trial." *Gerald v. Commonwealth*,

295 Va. 469, 472 (2018) (quoting *Scott v. Commonwealth*, 292 Va. 380, 381 (2016)). At the plea

---

* This opinion is not designated for publication. *See* Code § 17.1-413(A).

hearing, the court conducted a thorough plea colloquy. Bowden confirmed that he knew the maximum sentences for each charge. He also stated that he understood that the court was not bound by the sentencing guidelines, and he confirmed that he was entering his guilty pleas freely and voluntarily. Bowden stated that he understood that there was no agreed sentence and that the court could "impose any sentence allowed by law."

The Commonwealth proffered that in July 2019, Chesterfield County Police Detective Necolettos spoke with Lynda Stewart after she overdosed and was recovering in the hospital. Based on that conversation, Detective Necolettos began investigating Bowden. Stewart agreed to work as an informant, and, at the detective's direction, she arranged two controlled drug purchases with Bowden in August 2019. Both exchanges were audiotaped and observed by detectives from a distance. Each time, Stewart returned to the police with drugs she had bought from Bowden. Testing confirmed that the substances purchased were heroin and cocaine.

The police obtained a search warrant for Bowden's residence. Chesterfield Detective Hopkins found Bowden's clothing and personal items in the residence, as well as ammunition cartridges, packaging materials, cutting agents, and scales. The police arrested Bowden as he left his place of employment on the same day that they conducted the search of his residence. In Bowden's car, the police found a folded dollar bill containing heroin and a digital scale with residue. Bowden was carrying a bag containing cocaine. After his arrest, in a recorded statement, Bowden admitted that he used, possessed, and sold narcotics.

After the proffer, Bowden agreed that the stated facts were accurate and provided sufficient evidence to convict him. The court accepted Bowden's guilty pleas and ordered a presentence report. At sentencing, the court reviewed the sentencing guidelines, which recommended a range of active incarceration of 12 years and 11 months to 21 years and 3 months. Neil Vaughan testified at the hearing that Bowden helped him and Vaughan's mother care for Vaughan's 96-year-old father,

and Vaughn described how dedicated and helpful Bowden was. Bowden's mother also testified at the hearing. She acknowledged Bowden's substance abuse problems and explained that upon his release he would live with her and would either work for her or his brother. Finally, Bowden presented evidence that while incarcerated, he enrolled in and completed a "Therapeutic Community" program and a "Cognitive Thinking" program.

In pronouncing sentence, the court noted Bowden's criminal record, the seriousness of the offenses, the fact that "these types of drugs are killing people at a terrible rate," and that Bowden "saw firsthand it almost killed the young lady [he was] with." Although the court "appreciate[d] the things" Bowden was doing to improve himself, it could not "ignore that this is [his] second go around with distribution." The court sentenced Bowden to an active term of incarceration of 13 years, noting that that was "towards the low end of the guidelines because [Bowden was] making steps at this point." Bowden appeals.

## ANALYSIS

On appeal, Bowden argues that the trial court abused its discretion by sentencing him to an active term of incarceration of 13 years. He concludes that "[i]n refusing to issue a sentence outside of the advisory range the trial court abused its discretion in weighing Mr. Bowden's mitigating evidence."

"We review the trial court's sentence for abuse of discretion." *Scott v. Commonwealth*, 58 Va. App. 35, 46 (2011). "[W]hen a statute prescribes a maximum imprisonment penalty and the sentence does not exceed that maximum, the sentence will not be overturned as being an abuse of discretion." *Minh Duy Du v. Commonwealth*, 292 Va. 555, 564 (2016) (quoting *Alston v. Commonwealth*, 274 Va. 759, 771-72 (2007)).

"The sentencing guidelines are advisory only and do not require trial courts to impose specific sentences." *Runyon v. Commonwealth*, 29 Va. App. 573, 577-78 (1999). "[T]he

recommended sentencing ranges contained in these discretionary guidelines are not binding on the trial judge but, rather, are mere tools to be used by the judge in fixing an appropriate sentence within the limitations established by the statute governing punishment for the particular crime." *Luttrell v. Commonwealth*, 42 Va. App. 461, 465 (2004). A judge's failure to follow the sentencing guidelines "shall not be reviewable on appeal or the basis of any other post-conviction relief." Code § 19.2-298.01(F). Accordingly, we may only consider whether the sentence fell outside the permissible statutory range. *See Smith v. Commonwealth*, 26 Va. App. 620, 626 (1998); *Valentine v. Commonwealth*, 18 Va. App. 334, 339 (1994). Further, it was within the court's purview to weigh any of Bowden's mitigating factors. *Keselica v. Commonwealth*, 34 Va. App. 31, 36 (2000). The record affirmatively demonstrates that the court considered all of the evidence before it, including Bowden's mitigation evidence.

The sentences the trial court imposed were within the ranges set by the legislature. *See* Code §§ 18.2-10, 18.2-248, 18.2-250, and 18.2-308.2(A). Accordingly, the trial court did not abuse its discretion, and our task on appeal is complete. *See Thomason v. Commonwealth*, 69 Va. App. 89, 99 (2018).

## CONCLUSION

For the foregoing reasons, the trial court's decision is affirmed.

*Affirmed.*