UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present: Judges AtLee, Friedman and Senior Judge Clements

ADRIAN NICHOLAS JEREMIAH SMITH

v.     Record No. 0017-23-1

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION*
PER CURIAM
SEPTEMBER 19, 2023

FROM THE CIRCUIT COURT OF THE CITY OF CHESAPEAKE
John W. Brown, Judge[1]

(Michelle C.F. Derrico, Senior Appellate Attorney; Virginia Indigent
Defense Commission, on briefs), for appellant.

(Jason S. Miyares, Attorney General; Justin B. Hill, Assistant
Attorney General, on brief), for appellee. Appellee submitting on
brief.

Upon his guilty pleas, the trial court convicted Adrian Nicholas Jeremiah Smith of grand

larceny, felony eluding the police, and misdemeanor hit and run. The trial court sentenced Smith to

a total of 25 years of incarceration and 12 months of imprisonment, with all but 6 years suspended.

On appeal, Smith contends that the trial court abused its discretion by sentencing him to an active

term of incarceration of six years. After examining the briefs and record in this case, the panel

unanimously holds that oral argument is unnecessary because "the appeal is wholly without merit."

Code § 17.1-403(ii)(a); Rule 5A:27(a). We affirm the trial court's judgment.

BACKGROUND

"In accordance with familiar principles of appellate review, the facts will be stated in the

light most favorable to the Commonwealth, the prevailing party at trial." *Gerald v. Commonwealth*,

---

* This opinion is not designated for publication. *See* Code § 17.1-413(A).

[1] The Honorable Rufus A. Banks, Jr. presided over the plea hearing.

295 Va. 469, 472 (2018) (quoting *Scott v. Commonwealth*, 292 Va. 380, 381 (2016)). In doing so, we discard any of Smith's conflicting evidence and regard as true all credible evidence favorable to the Commonwealth and all inferences that may reasonably be drawn from that evidence. *Id.* at 473.

At the plea hearing, the trial court conducted a thorough plea colloquy. Smith confirmed that he fully understood the charges against him and knew the maximum sentences for each charge. He also stated that he understood that the court was not bound by the sentencing guidelines. He confirmed that he was entering his guilty pleas freely and voluntarily and that he was, in fact, guilty. Smith stated that he understood that there were no agreed sentences and that the trial court could impose any sentences "so long as that period of incarceration does not exceed the maximum period provided by law."

The trial court reviewed the stipulation of evidence signed by Smith and the Commonwealth. Smith agreed the facts in the stipulation were accurate. The facts demonstrated that in March 2019, Smith, Jabari Hood, and another male harassed Brandon Francavilla-Harris through a series of threatening text messages. They demanded that Francavilla-Harris drive them to a residence "or else they would have something for him." Francavilla-Harris blocked the number from which he was receiving the messages, but then continued to get threatening texts from a different number. The third man told Francavilla-Harris "that he was going to kill him and run up in his house."

On the night of March 29, 2019, Francavilla-Harris stayed at a friend's house. When he returned to his residence in the morning, he discovered that it had been burglarized. Electronics, clothes, and items from the garage were missing.

Around 2:00 a.m. on March 30, Chesapeake Police Officer Haberkorn was on patrol when he saw a red Hyundai Elantra speeding out of a neighborhood. He initiated a pursuit and activated his emergency lights and siren. During the ensuing chase, the car reached speeds up to 130 miles

per hour. The car drove through an intersection marked by a red light without stopping and eventually crashed into a fire hydrant. Two men jumped from the car, fled on foot, and were not apprehended that night. The car was a rental vehicle rented by Smith's grandmother. Inside the car, the police found Smith's cell phone on the driver's seat. Smith's fingerprints were in the car, and his DNA was on a cup inside the vehicle. Finally, the police found all the property stolen from Francavilla-Harris's house.

Before he was arrested in April 2019, Smith had been charged with committing numerous other felonies, including burglarizing a Norfolk church. At sentencing, Smith proffered that he was homeless at the time he committed the offenses and had a history of substance abuse and mental health issues. The sentencing guidelines called for a range between 1 year and 11 months to 4 years and 11 months. Smith argued for a sentence at the low-end, emphasizing that he already faced a 21-year sentence for the Norfolk offenses, to which he had pleaded guilty. The trial court deviated above the guidelines and sentenced Smith to an active term of incarceration of six years. The trial court explained the departure by emphasizing the seriousness of the offenses and Smith's extensive continued criminal behavior before his arrest on the Chesapeake charges. Smith appeals.

ANALYSIS

On appeal, Smith argues that the trial court abused its discretion by sentencing him to an active term of incarceration of six years. He asserts that the "trial court did not articulate any consideration of the mitigating evidence in the instant case." He also asserts that the court "over emphasized [his] Norfolk offenses."

"We review the trial court's sentence for abuse of discretion." *Scott v. Commonwealth*, 58 Va. App. 35, 46 (2011). "[W]hen a statute prescribes a maximum imprisonment penalty and the sentence does not exceed that maximum, the sentence will not be overturned as being an

abuse of discretion." *Minh Duy Du v. Commonwealth*, 292 Va. 555, 564 (2016) (quoting *Alston v. Commonwealth*, 274 Va. 759, 771-72 (2007)).

"The sentencing guidelines are advisory only and do not require trial courts to impose specific sentences." *Runyon v. Commonwealth*, 29 Va. App. 573, 577-78 (1999). "[T]he recommended sentencing ranges contained in these discretionary guidelines are not binding on the trial judge but, rather, are mere tools to be used by the judge in fixing an appropriate sentence within the limitations established by the statute governing punishment for the particular crime." *Luttrell v. Commonwealth*, 42 Va. App. 461, 465 (2004). A judge's failure to follow the sentencing guidelines "shall not be reviewable on appeal or the basis of any other post-conviction relief." Code § 19.2-298.01(F). Accordingly, we may only consider whether the sentences fell outside the permissible statutory ranges. *See Smith v. Commonwealth*, 26 Va. App. 620, 626 (1998); *Valentine v. Commonwealth*, 18 Va. App. 334, 339 (1994). Further, it was within the trial court's purview to weigh any mitigating factors Smith presented. *Keselica v. Commonwealth*, 34 Va. App. 31, 36 (2000). The record affirmatively demonstrates that the trial court considered all the evidence before it, including Smith's mitigation evidence.

The sentences the trial court imposed were within the ranges set by the legislature. *See* Code §§ 18.2-10, 18.2-95, and 46.2-817(B). Accordingly, the trial court did not abuse its discretion, and our task on appeal is complete. *See Thomason v. Commonwealth,* 69 Va. App. 89, 99 (2018).

## CONCLUSION

For the foregoing reasons, the trial court's decision is affirmed.

*Affirmed.*