COURT OF APPEALS OF VIRGINIA

Present: Judges O'Brien, Ortiz and Senior Judge Haley

DERRICK TERRELL NEWMAN

v.      Record No. 0009-23-4

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*]
PER CURIAM
SEPTEMBER 26, 2023

FROM THE CIRCUIT COURT OF FREDERICK COUNTY
William W. Eldridge, IV, Judge

(Jason E. Ransom; Ransom/Silvester, on brief), for appellant.
Appellant submitting on brief.

(Jason S. Miyares, Attorney General; Lindsay M. Brooker, Assistant
Attorney General, on brief), for appellee.

Upon his guilty pleas, the trial court convicted Derrick Terrell Newman of credit card theft,

identification fraud, and two counts of credit card fraud. The trial court sentenced Newman to 12

years of incarceration with 10 years and 6 months suspended. On appeal, Newman contends that

the trial court abused its discretion in fashioning his sentence. After examining the briefs and record

in this case, the panel unanimously holds that oral argument is unnecessary because "the appeal is

wholly without merit." Code § 17.1-403(ii)(a); Rule 5A:27(a). We affirm the trial court's

judgment.

BACKGROUND

"In accordance with familiar principles of appellate review, the facts will be stated in the

light most favorable to the Commonwealth, the prevailing party at trial." *Gerald v. Commonwealth*,

295 Va. 469, 472 (2018) (quoting *Scott v. Commonwealth*, 292 Va. 380, 381 (2016)). In doing so,

---

[*] This opinion is not designated for publication. *See* Code § 17.1-413(A).

we discard any of Newman's conflicting evidence and regard as true all credible evidence favorable to the Commonwealth and all inferences that may reasonably be drawn from that evidence. *Id.* at 473.

In May 2021, while his mother was fighting cancer, Newman photographed her ATM card. Over the course of the next several weeks, Newman used "Cash App" to conduct over 30 transactions from his mother's account. The transactions totaled more than $2,400. His mother informed the police that Newman had stolen money from her before, but she had not reported the prior incidents. Because of the high number of transactions in a short period of time, she called the police when she discovered the thefts, explaining that she "desired [Newman] to be held responsible for the action." When interviewed by the police, Newman admitted that he had taken the money and explained that "he did it . . . because he thought that the victim would not press charges." The victim died of cancer in January 2022. Newman pleaded guilty to the charges in April 2022.

At the sentencing hearing, the trial court accepted the presentence report and the sentencing guidelines. The guidelines listed a range from one year and six months of incarceration to three years and two months. The trial court noted that Newman had taken responsibility for his actions and modified the guidelines to include a low end of no incarceration. The court heard evidence of Newman's health issues, including needed upcoming back surgery, his acceptance of responsibility, and his struggles with addiction. The Commonwealth emphasized Newman's extensive criminal record and his apparent inability to follow court orders.

In pronouncing sentence, the trial court explained that it had considered all the evidence and argument of counsel. The court also noted that it weighed all the mitigating and aggravating circumstances presented. As aggravation evidence, the court emphasized Newman's criminal history, announcing that "stealing from your own family is pretty bad, really bad especially your mother who was obviously fighting cancer at the time." Finding it was "time now to hold

[Newman] responsible [for his] actions" and that Newman's penchant for stealing "needs to be deterred," the trial court imposed an active sentence of one year and six months of incarceration. Newman appeals.

ANALYSIS

On appeal, Newman argues that the trial court abused its discretion by sentencing him to an active term of incarceration of 18 months "because the sentence was inconsistent with the Eighth Amendment of the United States Constitution, which imposes a proportionality standard on punishment." He asserts that the trial court "failed to give proper consideration" to his mitigation evidence. He reasons that his "crimes are viewed by society as among the less serious offenses" and, therefore, "the sentence in this case is constitutionally disproportionate."

"We review the trial court's sentence for abuse of discretion." *Scott v. Commonwealth*, 58 Va. App. 35, 46 (2011). "If a sentence imposed is within the statutory limits fixed by the legislature, the assumption is that the sentence will not be disturbed on appeal." *Bassett v. Commonwealth*, 13 Va. App. 580, 582 (1992). This is the extent of our substantive sentencing review "[a]bsent an alleged statutory or constitutional violation." *Taylor v. Commonwealth*, 77 Va. App. 149, 177 (2023) (alteration in original) (quoting *Minh Duy Du v. Commonwealth*, 292 Va. 555, 563 (2016)).

"The sentencing guidelines are advisory only and do not require trial courts to impose specific sentences." *Runyon v. Commonwealth*, 29 Va. App. 573, 577-78 (1999). "[T]he recommended sentencing ranges contained in these discretionary guidelines are not binding on the trial judge but, rather, are mere tools to be used by the judge in fixing an appropriate sentence within the limitations established by the statute governing punishment for the particular crime." *Luttrell v. Commonwealth*, 42 Va. App. 461, 465 (2004). A judge's failure to follow the sentencing guidelines "shall not be reviewable on appeal or the basis of any other

post-conviction relief." Code § 19.2-298.01(F). Accordingly, we may only consider whether the sentence fell outside the permissible statutory range. *See Smith v. Commonwealth*, 26 Va. App. 620, 626 (1998); *Valentine v. Commonwealth*, 18 Va. App. 334, 339 (1994). Further, it was within the trial court's purview to weigh any mitigating factors Newman presented. *Keselica v. Commonwealth*, 34 Va. App. 31, 36 (2000). The record affirmatively demonstrates that the trial court considered all the evidence before it, including Newman's mitigation evidence; it simply found such evidence outweighed by aggravating factors. Such weighing is wholly within the trial court's discretion.

We note that this Court declines to engage in a proportionality review in cases that do not involve life sentences without the possibility of parole. *Cole v. Commonwealth*, 58 Va. App. 642, 653-54 (2011). We noted in *Cole* that the Supreme Court of the United States "has never found a non-life 'sentence for a term of years within the limits authorized by statute to be, by itself, a cruel and unusual punishment' in violation of the Eighth Amendment." *Id.* at 653 (quoting *Hutto v. Davis*, 454 U.S. 370, 372 (1982) (per curiam)). *Cf. Vasquez v. Commonwealth*, 291 Va. 232, 243 (2016) (rejecting Eighth Amendment challenge to 133-year active sentence because the sentence was imposed for "eighteen separate crimes").

Here, the sentences the trial court imposed were within the ranges set by the legislature. *See* Code §§ 18.2-10, 18.2-186.3, 18.2-192, 18.2-195. Accordingly, the trial court did not abuse its discretion, and our task on appeal is complete. *See Thomason v. Commonwealth*, 69 Va. App. 89, 99 (2018).

CONCLUSION

For the foregoing reasons, Newman's appeal is wholly without merit and the trial court's decision is affirmed.

*Affirmed.*

- 4 -